## WALTER S. RICE *vs.* LYMAN C. ALBEE.

Suffolk.    March 12, 1895. — June 21, 1895.

Present: FIELD, C. J., ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Pleading — Malicious Interference with another's Affairs.*

The law of slander applies to a case of words privately spoken in order to persuade the person to whom they are spoken to do what he has a legal right to do, namely, to refuse to enter into certain contracts.

A demurrer to a declaration in an action of tort, for damages occasioned by words privately spoken by the defendant in order to persuade the person to whom they were spoken to do what he had a legal right to do, namely, to refuse to enter into certain contracts, is rightly sustained, if the declaration does not set out the words spoken in any form, and does not allege that they were falsely spoken.

TORT, for damages alleged to have been occasioned by words privately spoken by the defendant in order to persuade the person to whom they were spoken not to enter into certain contracts with the plaintiff.

The third count alleged that the plaintiff was engaged in the business of manufacturing cotton goods and ladies' underwear,

and had built up a valuable business, but needed more capital in order to carry on said business profitably; that he had entered into negotiations with one E. K. Wilson for forming a partnership, and for the sale of a half interest in the said business and property for ten thousand dollars; that the plaintiff and Wilson had agreed as to the terms of the contract of partnership and contract of sale, and had had drawn up articles of copartnership and a contract of sale, and were about to execute the same, when the defendant, knowing these facts, and with the unlawful purposes of interfering in the execution of said contract of copartnership and said contract of sale by said Wilson and the plaintiff, to the injury of said plaintiff in said business, did unlawfully, maliciously, and unjustifiably interfere between said Wilson and the plaintiff, and wilfully persuaded and induced the said Wilson, by taking said Wilson aside and speaking words affecting the plaintiff in his character and credit as a merchant, and disparaging said business and property, not to enter into the contract of partnership with the plaintiff or into said contract of sale; and that by reason of said unlawful, malicious and unjustifiable interference the said Wilson did afterwards refuse to sign the contract of copartnership with the plaintiff, and declined to execute the contract of sale, refusing to buy any interest whatsoever in the plaintiff's business and property. Wherefore, and by reason thereof, the plaintiff was unable to negotiate said contract of copartnership and contract of sale with said Wilson, and lost the services of said Wilson as a partner and the money and capital needed to carry on said business profitably, and was deprived of the benefit of said sale and of said contracts and lost the profits and advantages thereof, and in consequence thereof the plaintiff failed and became insolvent, and lost the benefit of the good will of said business and all the property connected therewith, and the plaintiff was caused mental suffering and injury to his feelings to his damage in the sum of fifteen thousand dollars.

In the Superior Court the defendant demurred to the third count on the grounds that it "does not set forth any cause of action substantially in accordance with the statutes relating to pleading"; that it "does not show any unlawful act done by the defendant in interfering between said Wilson and the plaintiff,

as therein alleged "; that it " appears to be intended as a count for slander, and yet it does not set forth the words or the substance of the words alleged to have been spoken by the defendant, nor does it set forth that any words were spoken of or concerning the plaintiff "; and that " no words actionable in themselves are set forth, and no facts or circumstances are set forth, constituting anything said by the defendant, or anything done by him, a cause of action."

The demurrer was sustained, and judgment ordered for the defendant; and the plaintiff appealed to this court.

*S. Williston*, (*J. W. Saxe* with him,) for the plaintiff.

It is actionable to interfere maliciously with obligations of another actually existing or about to be formed, or with another's business affairs, to his damage.

This principle has been exemplified in various cases. Some of the earliest relate to the enticement of apprentices and servants to leave their masters. *Carew* v. *Rutherford*, 106 Mass. 1. *Walker* v. *Cronin*, 107 Mass. 555. *Sherry* v. *Perkins*, 147 Mass. 212. *Hart* v. *Aldridge*, Cowp. 54. *Hartley* v. *Cummings*, 5 C. B. 247. *Evans* v. *Walton*, L. R. 2 C. P. 615. *Bowen* v. *Hall*, 6 Q. B. D. 333. Ames, Torts, 585.

So the enticement, with improper motive, of a wife to leave her husband, has long been held actionable. *Hadley* v. *Heywood*, 121 Mass. 236. *Winsmore* v. *Greenbank*, Willes, 577. Ames, Torts, 592.

More recently it has become settled law in most jurisdictions that the malicious procurement of a breach of contract is actionable. *Walker* v. *Cronin*, 107 Mass. 555. *Lumley* v. *Gye*, 2 E. & B. 216. *Bowen* v. *Hall*, 6 Q. B. D. 333. *Temperton* v. *Russell*, [1893] 1 Q. B. 715. *Van Horn* v. *Van Horn*, 23 Vroom, 284; 24 Vroom, 514; 27 Vroom, 318. Ames, Torts, 612.

It is equally actionable to prevent the formation of a bargain or contract. *Carew* v. *Rutherford*, *Walker* v. *Cronin*, and *Sherry* v. *Perkins*, *ubi supra*. *Morasse* v. *Brochu*, 151 Mass. 567. *Tarleton* v. *M'Gawley*, Peake, 270. *Evans* v. *Walton*, L. R. 2 C. P. 615. *Temperton* v. *Russell*, [1893] 1 Q. B. 715. *Van Horn* v. *Van Horn*, *ubi supra*. See also *Benton* v. *Pratt*, 2 Wend. 385; *Rice* v. *Manley*, 66 N. Y. 82.

And if the intent be malicious, the falsity of words used in

persuasion is not a necessary element. *Walker* v. *Cronin* and *Morasse* v. *Brochu, ubi supra.* See also *Riding* v. *Smith,* 1 Ex. D. 91; *Temperton* v. *Russell, ubi supra; Old Dominion Steamship Co.* v. *McKenna,* 30 Fed. Rep. 48; *Delz* v. *Winfree,* 80 Texas, 400; 8 Harv. Law Rev. 1, 6; *Randall* v. *Hazelton,* 12 Allen, 412; *O'Callaghan* v. *Cronan,* 121 Mass. 114; *Dudley* v. *Briggs,* 141 Mass. 582; *Tasker* v. *Stanley,* 153 Mass. 148.

*F. P. Goulding,* for the defendant.

FIELD, C. J. The only acts alleged against the defendant in the third count are that he took Wilson aside, and by speaking words to him affecting the plaintiff in his character and credit as a merchant, and by disparaging the business and property of the plaintiff, persuaded and induced Wilson not to enter into the contract of partnership and the contract of sale, the terms of which had been orally agreed upon and were to be reduced to writing, and when this had been done the writing was to be signed by the parties. It is alleged that the defendant did this unlawfully, wilfully, maliciously, and unjustifiably. The words spoken are not set out either according to their tenor or their substance, and it is not alleged in what way they affected the plaintiff in his character or credit, or in what way by the words spoken the defendant disparaged the plaintiff's business and property. It is not alleged that the words spoken were false. It is alleged that by the words spoken Wilson was persuaded and induced not to enter into the contracts, but it is not alleged that he was deterred from entering into the contracts by any acts or threats, or in any manner except by persuasion. No interference is alleged with an existing business or with existing contracts. We do not deem it necessary to consider the cases which relate to a malicious interference with an existing business or with existing contracts, or those which relate to the enticing away of servants actually employed or under contracts of employment, or the enticing away of a wife or husband. This is a case of words privately spoken in order to persuade the person to whom they were spoken to do what he had a legal right to do, namely, to refuse to enter into certain contracts. We think that the law of slander should apply to this case. The case, we think, in principle, is like the common case of words spoken of a servant or other person on an occasion not privi-

leged, for the purpose and with the effect of preventing him from obtaining employment which otherwise he might have obtained. In slander the truth of the words spoken is a complete defence, whether the words on their face appear to be actionable or are made actionable by reason of special damages, and whether the words affect the person spoken of in his reputation, or in his profession, employment, or property. In the present case we do not know that the words spoken were defamatory, but if they were they must have been falsely spoken to be actionable, and, *a fortiori*, this should be true if the words spoken were not defamatory. As the third count does not set out the words spoken in any form, and does not allege that they were falsely spoken, we are of opinion that the demurrer was rightly sustained.                          *Judgment affirmed.*