MARGARET MAY *vs.* WILLIAM WOOD & another.

Suffolk.    March 10, 1898. — August 31, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Action founded on False and Malicious Statements inducing a Master to discharge his Servant — Pleading.*

Whatever may be the form of declaration for inducing masters to discharge their servants, by threats, intimidation, or force, when the cause of action is alleged to be that the defendant by false and malicious statements induced a master to

discharge his servant, it is essential that the statements made should be substantially set out in the declaration, so that the court may see whether any such effect as is alleged could reasonably be attributed to the statements, and that the defendant may know what he is called upon to meet. It is not necessary that the statements of themselves should be defamatory. HOLMES, KNOWLTON, & MORTON, JJ. dissenting.

TORT, to recover damages from the defendants for conspiring together to induce Mary A. Wood to break a certain contract which she had with the plaintiff.

In the Superior Court William Wood demurred to the declaration, on the ground that it did not "set out the words or the substance of the words of the false and malicious statements which said William Wood is alleged to have conspired to make." The demurrer was sustained, and judgment ordered for the defendant; and the plaintiff appealed to this court. The material portions of the demurrer appear in the opinion.

The case was argued at the bar in March, 1898, and afterwards was submitted on briefs to all the justices.

*F. P. Curran,* for the plaintiff.

*R. Cushman,* (*H. N. Glover, Jr.* with him,) for William Wood.

FIELD, C. J. The declaration, after setting forth the agreement between the plaintiff and Mary A. Wood, which is alleged to have been " that the plaintiff should continue to reside as before with the said Mary A. Wood, and to receive $4.00 as weekly compensation, and the said Mary A. Wood agreed to provide by will a legacy of $700, to be paid to the plaintiff upon the death of said Mary A. Wood," then alleges " that the defendants, for the purpose of depriving the plaintiff of the benefit of said agreement, and of the legacy provided for her by a codicil to the will of said Mary A. Wood, conspired together to influence and induce the said Mary A. Wood, by divers false and malicious statements, and by inducing said Mary A. Wood to believe that the plaintiff was a dangerous person and unfit associate, to break off her agreement with the plaintiff and discharge her from her employment; and the plaintiff says that by reason of the conduct of the defendants, as aforesaid, the said Mary A. Wood was induced to break, and did break, her agreement with the plaintiff, and has discharged her from her employment, and has revoked the provision made by said Mary A. Wood in her will, for the benefit of the plaintiff."

The allegation of the conspiracy is immaterial, and, taken alone, does not show a cause of action. In *Randall* v. *Hazelton*, 12 Allen, 412, 414, it is said in the opinion : " The averment of conspiracy in the first count of the declaration cannot change the nature of the action, or add anything to its legal force and effect. The gist of the action is the tort committed and the damage resulting therefrom. To charge both defendants, it is necessary to prove a combination or joint action on their part, and the allegation of a conspiracy may be a proper mode of alleging such joint action; but for any other purpose it is wholly immaterial. If the action cannot be sustained against one of the defendants, then it must fail, although another person is included and a conspiracy alleged. *Parker* v. *Huntington*, 2 Gray, 125. *Hutchins* v. *Hutchins*, 7 Hill, 104." See also *Wellington* v. *Small*, 3 Cush. 145; *Bowen* v. *Matheson*, 14 Allen, 499; *O'Callaghan* v. *Cronan*, 121 Mass. 114; *Severinghaus* v. *Beckman*, 9 Ind. App. 388; *McHenry* v. *Sneer*, 56 Iowa, 649; *Kimball* v. *Harman*, 34 Md. 407; *Huttley* v. *Simmons*, [1898] 1 Q. B. 181.

Disregarding, then, the allegations of a conspiracy, and without considering whether it can properly be alleged that the two defendants jointly induced Mary A. Wood by divers false and malicious statements to discharge the plaintiff, a majority of the court are of opinion that, if the declaration had alleged that the defendants made the false and malicious statements with the intent alleged, and that these had caused the discharge of the plaintiff, the declaration would have described a well known form of action, but that it still would have been necessary to set out the false and malicious statements, either according to their tenor or according to their substance and effect. Odgers, Libel & Slander, (3d ed.) 342 *et seq.* Newell, Slander & Libel, 857 *et seq. Payne* v. *Beaumorris*, 1 Lev. 248. *Rumsey* v. *Webb*, Car. & M. 104. *Hartley* v. *Herring*, 8 T. R. 130. *Derry* v. *Handley*, 16 L. T. 263. *Corcoran* v. *Corcoran*, 7 Ir. C. L. R. 272. *Lynch* v. *Knight*, 9 H. L. Cas. 577. *Hutchins* v. *Hutchins*, 7 Hill, (N. Y.) 104. *Pollard* v. *Lyon*, 91 U. S. 225, 237. *Lee* v. *Kane*, 6 Gray, 495. *Beals* v. *Thompson*, 149 Mass. 405. *Elmer* v. *Fessenden*, 151 Mass. 359. *Morasse* v. *Brochu*, 151 Mass. 567. *Rice* v. *Albee*, 164 Mass. 88. In the opinion of a majority of the

court there is no occasion to consider the form of declaration in actions for enticing servants away from masters, such as *Walker* v. *Cronin*, 107 Mass. 555. There is, so far as we are aware, no form of declaration for enticing masters away from servants. Whatever may be the form of declaration for inducing masters to discharge their servants, by threats, intimidation, or force, we are of opinion that when the cause of action is alleged to be that the defendants by false and malicious statements induced a master to discharge his servant, it is essential that the statements made should be substantially set out in the declaration, in order that the court may see whether any such effect as is alleged can reasonably be attributed to the statements, and that the defendants may know what they are called upon to meet. It is not necessary that the statements of themselves should be defamatory. *Morasse* v. *Brochu, ubi supra.*

*Demurrer sustained, and judgment affirmed.*

HOLMES, J. I cannot agree with the decision of the majority, and as the law in cases of this sort is somewhat unsettled, I think it may be useful that I should state my views. I regard it as settled in this Commonwealth, and as rightly settled, whether it be consistent with some dicta in *Allen* v. *Flood,* [1898] A. C. 1, or not, that an action will lie for depriving a man of custom, that is, of possible contracts, as well when the result is effected by persuasion as when it is accomplished by fraud or force, if the harm is inflicted simply from malevolence and without some justifiable cause, such as competition in trade. *Walker* v. *Cronin,* 107 Mass. 555, 566. *Morasse* v. *Brochu,* 151 Mass. 567. *Hartnett* v. *Plumbers' Supply Association,* 169 Mass. 229, 235. *Delz* v. *Winfree,* 80 Tex. 400, 405. See *Vegelahn* v. *Guntner,* 167 Mass. 92, 99, 105. I think that it does not matter what motive to abstain from dealing is given to the possible customer, whether it be fear or simply prejudice, if the motive be effectual, or whether it be produced by falsehood, or without it by malevolently intended advice. I think it plain that the fact that the conduct of the possible customer in abstaining from dealing is lawful does not affect the liability of the person who induced him to do so, although this person is remoter from the damage complained of. I think this a principle which not only

is obviously sound, but is established by the cases first cited above, by the recognition of loss of custom as an element in damages, ( *Walker* v. *Cronin*, 107 Mass. 555, 565 ; and Odgers, Libel & Slander, (2d ed.) 298, 307, 309,) and by the doctrine that a man who utters a slander may be liable for the privileged repetition of it, if reasonably to be expected, when he would not be liable unless he actually intended it, if the repetition were itself a wrong. *Elmer* v. *Fessenden*, 151 Mass. 359, 362, 363. See also *Hayes* v. *Hyde Park*, 153 Mass. 514 ; *Delz* v. *Winfree*, 80 Tex. 400, 404.

*A fortiori*, under similar conditions and limitations, an action will lie for inducing the breach of an actual contract. *Walker* v. *Cronin*, 107 Mass. 555. *Tasker* v. *Stanley*, 153 Mass. 148. As in the former case, the ground of liability is not false statements, but the intentional causing of temporal damage, without justifiable cause, by any means contemplated as effectual, and proving so in the event. One of the means alleged in the present declaration, namely, inducing Mary A. Wood to believe that the plaintiff was a dangerous person and unfit associate, might have been accomplished without uttering a falsehood, and might have been alleged as the only means without impairing the count.

I cannot make it plainer than it is upon simply reading the declaration that this is an action of the kind just supposed. It is not an action for slander with special damages, but it is an action for malevolently and without justifiable cause inducing a third person to break a contract. That is the gist of the action, and falsehood or slander is material only as one out of many possible and two alleged means of bringing about the wrong. It is one degree more remote than where the slander itself is the thing complained of, and by all analogy when referred to need not be set out specifically as when slander is the gist. See the form of declaration held good on demurrer in *Lumley* v. *Gye*, 2 El. & Bl. 216 ; *Bowen* v. *Hall*, 6 Q. B. D. 333, 338, 339 ; *Old Dominion Steamship Co.* v. *McKenna*, 30 Fed. Rep. 48. Compare *Capron* v. *Anness*, 136 Mass. 271 ; Y. B. 43 Ed. III. 11, pl. 1, Finchden, *ad finem ; Middlefield* v. *Church Mills Knitting Co.* 160 Mass. 267, 271 ; *Bernard* v. *Cafferty*, 11 Gray, 10.

Of *Rice* v. *Albee*, 164 Mass. 88, I will only say that, whether the decision be right or wrong, the reasoning always has seemed to me inadequate, but that, however that may be, in that case the action was for preventing the making of a contract, not for causing the breach of one already made. I do not understand that it was intended to overrule previous decisions, or to dissent from cases like *Lumley* v. *Gye*, 2 El. & Bl. 216, which previously had been approved by the court.

I deal only with the ground which I understand to be relied on in the judgment of the court. I suppose that nothing else is open on the special demurrer, (*Parker* v. *Huntington*, 2 Gray, 124, 126, 128,) but I will add that the declaration, although informal, plainly means that the defendants not only conspired to do, but did, the acts by reason of which, as it is alleged, Wood was induced to break her contract with the plaintiff. If the defendants wanted a more formal allegation, they should have specified the defect in their demurrer. *Windram* v. *French*, 151 Mass. 547.

Mr. Justice KNOWLTON and Mr. Justice MORTON authorize me to say that they agree with the foregoing.

## MEMORANDUM.

ON the first day of September, 1898, the Honorable CHARLES ALLEN resigned the office of justice of this court, which he had held since the twenty-third day of January, 1882.

ON the seventh day of September, 1898, the Honorable JOHN WILKES HAMMOND, one of the justices of the Superior Court, was appointed a justice of this court, in place of Mr. Justice ALLEN, resigned, and took his seat upon the bench on the thirteenth day of the same month, at the sitting of the court then held at Pittsfield, in the county of Berkshire.