FRED A. MORAN vs. JOHN DUNPHY.

Suffolk.    November 23, 1900. — January 4, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

In an action for maliciously by means of slanderous charges inducing a third per-
son to discharge the plaintiff from his employ, the declaration must set out the
substance of the false statements.

To maliciously induce an employer to discharge an employee is an actionable tort,
whether accomplished by malevolent advice or by falsehood or putting in fear.

TORT for maliciously inducing one Robert J. Cowan to dis-
charge the plaintiff from his employ. Writ dated December 19,
1899.

The case came up on an appeal from a judgment of the Supe-
rior Court rendered by *Braley*, J., sustaining the defendant's
demurrer to the declaration. The declaration was as follows :

" First count. And the plaintiff says that in the month of
November, 1899, he was, and for a long time previous thereto
had been, in the employ of one Robert J. Cowan, under an oral
contract between said Cowan and himself; that while he was
still in said employ, the defendant, with intent to injure him and
to induce and instigate the said Cowan to discharge and dismiss
him from his employ and to discontinue and to refuse to engage
his services any longer in his employ, did maliciously, wilfully
and wrongfully, by certain slanderous charges made by the de-
fendant to said Cowan against his character, which were false
and untrue, and which the defendant well knew to be false and
untrue, induce and instigate the said Cowan to discharge and
dismiss him from his employ and to discontinue and to refuse to
engage his services any longer in his employ; that said Cowan
did discharge and dismiss him from his employ, and did discon-
tinue and refuse to engage his services any longer in his employ
in said month of November, 1899, at the defendant's inducement
and instigation ; whereby the plaintiff has suffered great loss and
damage.

" Second count. And the plaintiff says that in the month of
November, 1899, he was, and for a long time previous thereto
had been, in the employ of one Robert J. Cowan, under an oral

contract between said Cowan and himself; that while he was still in said employ, the defendant, with intent to injure him, and to induce and instigate the said Cowan to discharge and dismiss him from his employ and to discontinue and to refuse to engage his services any longer in his employ, did maliciously, wilfully and wrongfully induce and instigate the said Cowan to discharge and dismiss him from his employ and to discontinue and to refuse to engage his services any longer in his employ; that said Cowan did discharge and dismiss him from his employ and did discontinue and refuse to engage his services any longer in his employ, in said month of November, 1899, at the defendant's inducement and instigation; whereby the plaintiff suffered great loss and damage."

The causes of demurrer alleged were, among others, that the first count did not state what the slanderous charges consisted of, and did not recite the words which the defendant used, and did not set forth a legal cause of action substantially in accordance with the practice act; and that in the second count the means which the plaintiff alleged the defendant used were not set forth with sufficient certainty, and that the second count did not set forth a legal cause of action substantially in accordance with the practice act.

*J. H. Hickey*, for the plaintiff.

*C. F. Eldredge*, for the defendant.

HOLMES, C. J.    The first count of the declaration in this case substantially follows the form held bad in *May* v. *Wood*, 172 Mass. 11, and *Rice* v. *Albee*, 164 Mass. 88, and the plaintiff's argument is directed to getting those cases overruled. It appears in the reports that the later decision did not command the assent of all of us, and it is quite possible at least that if the question came up now for the first time the majority might be found to be on the side which did not prevail. *Van Horn* v. *Van Horn*, 27 Vroom, 318, 319.    But it is not desirable that decisions should oscillate with changes in the bench, and we accept what was decided as the law. Still we deem it proper to call attention to the fact that the cases cited go only to a point of pleading. What they decide, so far as they bear on the present case, is merely that the substance of false statements by which a defendant is alleged to have induced a third person to break or

end his contract must be set out. That we accept. But in view of the series of decisions by this court from *Walker* v. *Cronin*, 107 Mass. 555, through *Morasse* v. *Brochu*, 151 Mass. 567, *Tasker* v. *Stanley*, 153 Mass. 148, *Vegelahn* v. *Guntner*, 167 Mass. 92, *Hartnett* v. *Plumbers' Supply Association*, 169 Mass. 229, and *Weston* v. *Barnicoat*, 175 Mass. 454, to *Plant* v. *Woods*, 176 Mass. 492, we cannot admit a doubt that maliciously and without justifiable cause to induce a third person to end his employment of the plaintiff, whether the inducement be false slanders or successful persuasion, is an actionable tort. See also *Angle* v. *Chicago, St. Paul, Minneapolis, & Omaha Railway*, 151 U. S. 1, 13.

We apprehend that there no longer is any difficulty in recognizing that a right to be protected from malicious interference may be incident to a right arising out of a contract, although a contract, so far as performance is concerned, imposes a duty only on the promisor. Again, in the case of a contract of employment, even when the employment is at will, the fact that the employer is free from liability for discharging the plaintiff does not carry with it immunity to the defendant who has controlled the employer's action to the plaintiff's harm. The notion that the employer's immunity must be a non-conductor so far as any remoter liability was concerned, troubled some of the judges in *Allen* v. *Flood*, [1898] A. C. 1, but is disposed of for this Commonwealth by the cases cited. See also *May* v. *Wood*, 172 Mass. 11, 14, 15. So again it may be taken to be settled by *Plant* v. *Woods*, 176 Mass. 492, 501, 502, that motives may determine the question of liability ; that while intentional interference of the kind supposed may be privileged if for certain purposes, yet if due only to malevolence it must be answered for. On that point the judges were of one mind. See p. 504. Finally, we see no sound distinction between persuading by malevolent advice and accomplishing the same result by falsehood or putting in fear. In all these cases the employer is controlled through motives created by the defendant for the unprivileged purpose. It appears to us not to matter which motive is relied upon. If accomplishing the end by one of them is a wrong to the plaintiff, accomplishing it by either of the others must be equally a wrong.

It follows from what we have said that we are of opinion that both counts of the declaration disclose a good cause of action,

although the first on the authority of *May* v. *Wood* must be held insufficient in point of form. The second is not within the authority or reason of that case, 172 Mass. 14, and is in a form similar to the third count which was held good in *Walker* v. *Cronin*. See *Lumley* v. *Gye*, 2 El. & Bl. 216. As to that the demurrer will be overruled. Assuming that the demurrer was intended to be a demurrer to each count as well as to the declaration, it will be sustained as to the first count, but it seems to us that under the circumstances the plaintiff should be given an opportunity to amend.

*Demurrer to first count sustained; demurrer to second count overruled.*