William J. McGurk *vs.* George J. Cronenwett.

Suffolk.     March 4, 1908. — September 4, 1908.

Present: Knowlton, C. J., Morton, Loring, Braley, & Sheldon, JJ.

*Unlawful Interference.     Pleading, Civil,* Declaration.     *Words,* " Maliciously."

The doctrine of *May* v. *Wood,* 172 Mass. 11, and of *Rice* v. *Albee,* 164 Mass. 88, that a declaration alleging that the defendant by false and malicious statements induced a third person to discharge the plaintiff or not to employ him must set out the statements in substance, is not to be extended beyond cases brought for slander or libel, and does not apply to an action for maliciously inducing a third person to break his contract with the plaintiff.

In an action for maliciously inducing a third person to break his contract with the plaintiff, it is not necessary that the declaration should set out the contract in full or by copy.     A statement of its effect so far as material to the case is sufficient.

In an action for maliciously inducing a corporation to break its contract with the plaintiff, the declaration need not allege that the defendant was a stranger to the contract and was not an officer or a person in authority representing the corporation, as in either of those cases the defendant would be liable if the charges in the declaration were proved.

In an action for maliciously inducing a corporation to break its contract with the plaintiff under which he was employed as its sales manager, if a count of the declaration, after describing the contract, alleges that at a certain date " the defendant maliciously induced and persuaded said company to break said agreement and discharge the plaintiff from its employ thereunder," this with the preceding allegations states a cause of action, and the count will not be held to be bad for the lack of a direct averment that the corporation discharged the plaintiff in consequence of what the defendant did, where this is not stated as one of the grounds of demurrer.     If the defendant regards the averments of the count as too meagre he has the right to ask for a bill of particulars under R. L. c. 173, § 68.

In order to maintain an action for purposely and maliciously preventing the performance of a contract, where this is the sole cause of action relied on, it is necessary to aver and prove that the defendant knew of the contract.

In a civil case where the defendant's knowledge of specific facts is essential to the plaintiff's right of action, an averment in the declaration that the act complained of was done " maliciously " does not include an averment of the defendant's knowledge of such facts.

A declaration alleging, that the plaintiff was employed by a corporation as its sales manager under an agreement in writing, and that the defendant " wrongfully without cause and maliciously prevented the plaintiff from further performing his obligation under " such contract of employment, and thus " brought about the discharge of the plaintiff " and caused the plaintiff great damage, states no cause of action, for want of an averment that the defendant knew of the existence of the agreement.     Such an averment is not supplied by the use of the

word "maliciously" which signifies only that the defendant's act was done intentionally without just cause or excuse and does not aver by necessary implication a knowledge of the agreement.

Tort for maliciously causing the Standard Plate Glass Company to break its contract with the plaintiff as stated below. Writ dated August 6, 1907.

The declaration was as follows:

"First count: The plaintiff says that on the eleventh day of July 1906 in the city of Boston, in said county of Suffolk and said Commonwealth of Massachusetts, he entered into an agreement in writing with the Standard Plate Glass Company whereby said company agreed to employ the plaintiff and the plaintiff agreed to serve said company as sales manager of its New England branch in said city of Boston from the first day of January 1907 to the thirty-first day of December 1908 at a salary of $3,600 per year payable in equal monthly instalments; that said agreement was fully performed by the plaintiff and said company until the twenty-ninth day of July 1907 when the defendant wrongfully, without cause and maliciously prevented the plaintiff from further performing his obligations under said agreement.

"And the plaintiff says that at all times from the day said agreement took effect until said twenty-ninth day of July 1907 he duly performed all conditions and obligations of said agreement on his part to be performed, and that in preventing the plaintiff from further carrying out his agreement, the defendant brought about the discharge of the plaintiff from the employ of said company and thus caused the plaintiff great damage and pecuniary loss.

"Second count: The plaintiff says that on the eleventh day of July 1906 in the city of Boston, in said county of Suffolk and said Commonwealth of Massachusetts he entered into an agreement in writing with the Standard Plate Glass Company whereby said company agreed to employ the plaintiff and the plaintiff agreed to serve said company as sales manager of its New England branch in said city of Boston from the first day of January 1907 to the thirty-first day of December 1908 at a salary of $3,600 per year payable in equal monthly instalments; that said agreement was fully performed by the plaintiff and

said company until about the twenty-ninth day of July 1907 when the defendant maliciously induced and persuaded said company to break said agreement and discharge the plaintiff from its employ thereunder.

" And the plaintiff says that at all times from the day said agreement took effect until said twenty-ninth day of July 1907 he duly performed all conditions and obligations of said agreement on his part to be performed and that the defendant, in maliciously inducing and persuading said company to break said agreement and discharge the plaintiff from its employ thereunder, caused the plaintiff great damage and pecuniary loss."

The defendant demurred to the declaration and as causes of demurrer assigned the following:

" 1.  That the first count in said declaration does not show or set forth any words spoken or written by the defendant of the plaintiff, or any wrongful or malicious act, fact or circumstance done by the defendant in preventing the plaintiff from further performing his obligations under said agreement.

" 2.  That the first count in said declaration does not show or set forth any words spoken or written by the defendant of the plaintiff, or any act, fact or circumstance done by the defendant which brought about the discharge of the plaintiff from the employ of the Standard Plate Glass Company.

" 3.  That the second count in said declaration does not show or set forth any words written or spoken by the defendant of the plaintiff, or any act, fact or circumstance done by the defendant maliciously to induce and persuade the Standard Plate Glass Company to break its agreement and discharge the plaintiff from its employ.

" 4.  That the declaration appears to be intended as an action for slander or libel, and yet does not set forth the words written or spoken, or the substance thereof, nor does it set forth that any words were spoken or written of or concerning the plaintiff by the defendant.

" 5.  That the declaration does not set forth words actionable in themselves or any facts or circumstances or anything said by the defendant, or anything done by him constituting a cause of action.

" 6.  That the declaration does not allege that the defendant

was a stranger to said contract between the plaintiff and the Standard Plate Glass Company and not an officer of or a person in authority representing said company.

" 7: That the declaration does not set forth the entire contract between the plaintiff and the standard Plate Glass Company, nor the substance thereof.".

The case was heard upon the demurrer by *Richardson,* J., who ordered that the demurrer be sustained on the first, second, third and fifth grounds thereof.

Judgment was entered for the defendant; and the plaintiff appealed. The defendant appealed from the order of the judge in that the defendant's demurrer was not sustained on the fourth, sixth and seventh grounds.

*J. F. Bacon,* for the plaintiff.

*J. Gordon,* for the defendant.

SHELDON, J. The judge of the Superior Court rightly declined to sustain the defendant's demurrer on either one of the fourth, sixth and seventh grounds assigned. It does not appear that the action was intended to be for slander or libel, or for any words or statements uttered or published by the defendant concerning the plaintiff; and the doctrine of *May* v. *Wood,* 172 Mass. 11, and *Rice* v. *Albee,* 164 Mass. 88, does not apply here. The rule of those cases ought not to be extended to actions not brought for slander or libel.

Nor is it necessary that the contract between the plaintiff and the Standard Plate Glass Company should be set out in full or by copy; its effect, so far as material to the case, was sufficiently stated.

It would make no difference in the defendant's liability, if the charges in the declaration were proved, whether he was a mere stranger to the plaintiff's contract or an officer or representative of the Plate Glass Company. The corporation was in either event a third person within the meaning of *Moran* v. *Dunphy,* 177 Mass. 485, and *Bowen* v. *Hall,* 6 Q. B. D. 333.

The second count of the declaration set forth a good cause of action within the rule of *Moran* v. *Dunphy,* 177 Mass. 485. And see the cases there cited. There are no material differences between this count and the one sustained in that case. The count cannot be held bad for the lack of a direct averment that

the company did discharge the plaintiff in consequence of what the defendant did, because that is not stated as one of the grounds of demurrer. The averments of the count are somewhat meagre; but it must be remembered that the defendant has the right to ask for a bill of particulars under R. L. c. 173, § 68.

But different considerations apply to the first count. It contains no averment that the defendant has committed any act in itself actionable. The material averment is only that he has "wrongfully, without cause and maliciously prevented the plaintiff from further performing his obligation under" a certain agreement of employment, and thus "brought about the discharge of the plaintiff," and "caused the plaintiff great damage." There is no averment that the defendant knew of the existence of this agreement, unless that is implied in the word "maliciously." We do not doubt that there is a right of action for purposely and maliciously preventing the performance of a contract, whether of employment or otherwise. *Walker* v. *Cronin,* 107 Mass. 555. *Beekman* v. *Marsters,* 195 Mass. 205. But where, as under the count now considered, this is the sole cause of action relied on, it is essential both to aver and prove the defendant's knowledge of the contract in question. This was the doctrine of both *Walker* v. *Cronin* and *Beekman* v. *Marsters, ubi supra,* and of *Lumley* v. *Gye,* 2 El. & Bl. 216. And justice requires this doctrine to be upheld. A defendant who has not been guilty of conduct otherwise actionable ought not to be held liable for having brought about, though wrongfully and without cause, the breach of a contract of which he had no knowledge. It follows accordingly that this count is insufficient unless it can be said that the charge that the defendant "maliciously" prevented the plaintiff from performing his obligations under his agreement necessarily imports an allegation that the defendant knew of the agreement of which he prevented the performance.

In the opinion of a majority of the court this cannot be said. The natural meaning of the word "maliciously" is "wilfully and intentionally." *Commonwealth* v. *Goodwin,* 122 Mass. 19, 35, cited and followed in *Commonwealth* v. *Jones,* 174 Mass. 401. In a capital case tried before two justices of this court, the jury

were told that the malice necessary to constitute the crime of murder meant simply that the act was "wilfully done for the purpose of carrying out the defendant's own ends, regardless of the rights of others"; and this was sustained by the full court. *Commonwealth* v. *Pemberton*, 118 Mass. 36, 37, 39, 40, 43. It means an intention to do an act which is wrongful to the detriment of another, according to the language of Bowen, L. J., in *Mogul Steamship Co.* v. *McGregor*, 23 Q. B. D. 598, 612, quoted by Lord Watson in *Allen* v. *Flood*, [1898] A. C. 1, 93, 94. And see *South Wales Miners' Federation* v. *Glamorgan Coal Co.* [1905] A. C. 239. So it was said by Bayley, J., in *Bromage* v. *Prosser*, 4 B. & C. 247, 255, that "malice in common acceptation means ill will against a person, but in its legal sense it means a wrongful act, done intentionally, without just cause or excuse." And it was said by this court, speaking through the present Chief Justice, of the right to dispose of one's labor as he will, that "an intentional interference with such a right, without lawful justification, is malicious in law, even if it is from good motives and without express malice." *Berry* v. *Donovan*, 188 Mass. 353, 356. And see the cases there cited; also those collected in 25 Cyc. 1667. But we have been referred to no case, nor have we found any, in which an averment that the act complained of was done maliciously has been held to include an averment of knowledge of specific facts, when the right of action depended upon such knowledge.

It follows that in the first count of this declaration there is no averment that the defendant had knowledge of the agreement between the plaintiff and the Plate Glass Company; and the count sets out no cause of action.

The judgment entered for the defendant must be reversed; the demurrer to the first count must be sustained; and that to the second count must be overruled.

*So ordered.*