SERAFINO TERRINI *vs.* NEW ENGLAND STEAMSHIP COMPANY.

Bristol.    January 15, 1923. — March 2, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Libel and Slander*, Privileged communication. *Unlawful Interference.*

The agent of a transportation company, finding goods in his possession undelivered, wrote to the shipper, calling attention to and describing the shipment, stating: "These goods are on hand at our pier unclaimed by consignees, and we also understand that consignees have filed a petition in Bankruptcy. Please advise us as to what disposition you wish made of these goods." The consignee had not filed a petition in bankruptcy, and, because of the letter, the order for the goods in question was cancelled and other dealers with whom the consignee had executory contracts for supplies declined to fill the orders, and the consignee was damaged thereby. *Held,* that

(1) The consignee could not maintain an action for libel against the transportation company without proof of actual malice;

(2) The consignee could not maintain an action against the transportation company for damages due to interference with the contracts of purchase of goods above described without proof that the company knew of the existence of the contracts, and that with such knowledge it intentionally and malevolently persuaded the dealers and sellers to refuse performance.

TORT, with a declaration in four counts, the plaintiff in the first count alleging the libel described in the opinion, and in the second, third and fourth counts alleging that the defendant, "without justifiable cause, with full knowledge" of certain contracts into which the plaintiff had entered for the purchase of merchandise, "maliciously and unlawfully caused" the vendors "to break" the contracts "and to cancel the same, in consequence whereof" the purchasers "refused to carry out" their obligations. Writ dated March 5, 1918.

In the Superior Court, the action was tried before *Morton*, J. Material evidence is described in the opinion. At the close of

the evidence, the judge ordered a verdict for the defendant and reported the action to this court for determination.

*W. A. Murray*, for the plaintiff.

*A. MacLeish*, for the defendant.

BRALEY, J. The plaintiff, a grocer doing business in New Bedford, bought eleven cases of macaroni of a wholesale dealer in the city of New York which was to be shipped to him over the defendant's steamship line and, having received an "invoice bill," he sent a clerk two or three times and telephoned to the defendant's office "to see where the macaroni was." It was not delivered, and, after being in the defendant's possession nine days uncalled for, its agent, for whose acts the company is responsible, *Mills* v. *W. T. Grant Co.* 233 Mass. 140, wrote the shippers a letter, the material part of which is as follows: "Under date of May 4th, you shipped 11 boxes of macaroni consigned to S. Trini, this city. These goods are on hand at our pier unclaimed by consignees, and we also understand that consignees have filed a petition in Bankruptcy. Please advise us as to what disposition you wish made of these goods." The plaintiff testified that about two weeks later the agent of the shippers showed him the letter, and it was conceded that the plaintiff had not filed a petition in bankruptcy although another grocer next door to the plaintiff's place of business had "closed up within a few days of" the date of the letter. The jury could find that because of the letter the order for the macaroni was cancelled and other dealers with whom he had executory contracts for supplies declined to fill the orders.

It is contended by the plaintiff that the letter was a libel, and that its publication under the circumstances entitled him to damages. But the letter was written and mailed in the ordinary course of the defendant's business to ascertain what it should do with the shipment in which the shipper and seller had a direct interest. It has often been decided that under such conditions a plaintiff, on whom the burden of proof rests, cannot recover without proof of actual malice, of which no evidence is found in the present record. *Joannes* v. *Bennett*, 5 Allen, 169. *Brow* v. *Hathaway*, 13 Allen, 239. *Sweet* v. *Post Publishing Co.* 215 Mass. 450. *Doone* v. *Grew*, 220 Mass. 171, 182. *Childs* v. *Erhard*, 226 Mass. 454. See *Squires* v. *Mason Manuf. Co.* 182 Mass. 137.

The second, third and fourth counts go upon the ground that the defendant maliciously procured the breach of the contracts, previously described, on which the plaintiff relied for supplies of goods to enable him successfully to carry on his business. But there is no evidence that the defendant knew of their existence, and that with such knowledge it intentionally and malevolently persuaded the dealers and sellers to refuse performance. *May* v. *Wood,* 172 Mass. 11. *McGurk* v. *Cronenwett,* 199 Mass. 457, 461.

The exceptions to the rulings on evidence have not been argued, and, a verdict for the defendant having been directed rightly, judgment thereon is to be entered in accordance with the terms of the report.

*So ordered.*