David L. TYE
v.
Aba FINKELSTEIN.
Civ. A. No. 57-675.

United States District Court
D. Massachusetts.

March 27, 1958.

Edward J. Barshak, Boston, Mass., for plaintiff.

Claude B. Cross, Withington, Cross, Park, McCann, Boston, Mass., for defendant.

ALDRICH, District Judge.

This is a diversity action for interference with contractual relations. The plaintiff is a former salesman of the B & C Shoe Company. The defendant is the sole stockholder of B & C, and a principal officer. The complaint alleges that the defendant, "with the specific intent of depriving plaintiff of his rights, and without any justification," induced B & C to break his employment contract and discharge him. The defendant moves for summary judgment. In addition to the pleadings, both parties have given depositions and have filed affidavits.

Clearly the fact that the defendant is an officer of the corporation does not immunize him from liability. McGurk v. Cronenwett, 199 Mass. 457, 85 N.E. 576, 19 L.R.A.,N.S., 561. Nor are the damages limited to what plaintiff may obtain from the corporation. Substantial damages can be recovered for inducing the breach even of a contract terminable at will, where there would be no contractual damages at all. Berry v. Donovan, 188 Mass. 353, 74 N.E. 603, 5 L.R.A.,N.S., 899, appeal dismissed 199 U.S. 612, 26 S.Ct. 745, 50 L.Ed. 333. This is not a case, however, where one, perhaps unrelated, employee of a corporation induces another to act for the corporation to the plaintiff's disadvantage. Here the defendant was himself the person in authority, who owed a duty to the corporation to act in respect to the plaintiff. A person was has a duty to act must be protected initially by a qualified privilege. Rather than for the defendant

here to have to prove "justification," as plaintiff in argument suggested, the burden is on the plaintiff to prove malice, as hereinafter defined.[1]

■ The plaintiff must establish that instead of acting "within the privilege,"[2] the defendant acted outside of it, that is to say, from "an improper motive."[3] It might be to the company's advantage to break the contract. It is not enough to show that defendant knew, or intended, that plaintiff would be harmed thereby, or even that he was gratified by such a prospect.[4] I hold that "malice" will not suffice to destroy a privilege unless it is shown to have been the sole motive.[5] Even in Vassardakis v. Parish, D.C.S.D. N.Y., 36 F.Supp. 1002, on which plaintiff relies, the complaint alleged that defendant was "actuated *solely* by self-interest and not by a sense of duty to the corporation." 36 F.Supp. at page 1005. (Italics supplied.) If the defendant acted partly out of ill will towards plaintiff, but also in the belief that he was serving the interests of the corporation, the plaintiff cannot recover. Were the rule otherwise the stronger a corporation's agent's personal conviction that an employee should be discharged, the more hesitant he might have to be in acting upon it. It could well be that the very reasons he had for disliking an employee would be exactly his grounds for believing his discharge would be to the corporation's advantage.

■ Possibly the complaint adequately alleges the uniqueness of the motive. In any event, defendant has not attacked it, as a pleading. Plaintiff is under a heavy burden. The motion for summary judgment, however, I will deny, believing it to be an unsatisfactory medium in which to determine so intangible a matter as state of mind.

1. The plaintiff, I think, misunderstands the opinion in Owen v. Williams, 322 Mass. 356, 77 N.E.2d 318, 9 A.L.R.2d 223. In that case a doctor was sued for having induced a hospital to discharge the plaintiff, a nurse. In holding that the burden was on the defendant to establish his claim that the occasion was privileged, the court used the term "justification" as a synonym for privilege. Historically, this choice of language was correct, and so was its application. But the court went on to say that if a privileged occasion was proved, the burden was on the plaintiff to show malice, viz., that the privilege was abused. In the case as bar I hold that justification, in the sense of privilege, has been established, and that the burden is on the plaintiff to show lack of justification, (an improper phrase), in the sense of malice.

2. Squires v. Wason Mfg. Co., 182 Mass. 137, 141, 65 N.E. 32, 34.

3. Hartmann v. Boston Herald-Traveler Corp., 323 Mass. 56, 65, 80 N.E.2d 16, 20.

4. "The sole test is not whether there was malevolence, ill will or hatred but whether there was an abuse of the privilege." Sheehan v. Tobin, 326 Mass. 185, 195, 93 N.E.2d 524, 530. Cf. Moran v. Dunphy, 177 Mass. 485, 487, 59 N.E. 125, 52 L.R.A. 115.

5. It is true that there is a dictum in Caverno v. Fellows, 300 Mass. 331, at page 338, 15 N.E.2d 483, 487, that malevolence had not been there shown to be defendant's *"sole or even dominant reason,"* (Ital. suppl.), but in the Sheehan case, n. 4, supra, the court referred to abusing the privilege as the "sole test." Likewise, in Moran v. Dunphy, n. 4., supra, it referred to malevolence as being material if it was the "only" motive. See, also, Restatement, Torts, § 766, Comment m.