ELIZABETH S. CAVERNO *vs.* ERNEST W. FELLOWS & others.

Middlesex.    May 16, 1934. — May 25, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Pleading, Civil,* Declaration.    *Actionable Tort.    Unlawful Interference. Conspiracy.*

The allegations of the declaration in an action of tort, by a former woman teacher of English in a high school in a city against the superintendent of schools, the principal of the high school and the supervisor of the English department in the high school, were merely that the plaintiff, who, under G. L. (Ter. Ed.) c. 71, § 41, had tenure of office and was employed to serve at the discretion of the school committee, was dismissed as such teacher by vote of the school committee; and that the defendants "unlawfully and without justifiable cause did conspire to have the said plaintiff dismissed from her said position as school teacher and in pursuance of said conspiracy made false, fictitious, and fraudulent charges against the said plaintiff to the members of the said school committee . . . and did hamper, obstruct and impede the said plaintiff in her said work as teacher . . . and did watch her and did annoy her and did make false and fictitious charges, accusations and statements about her and against her," and thereby caused injury to her health, inability to pursue her occupation as teacher, necessity of employment of medical care and attention, loss of time and expense for medical care, prejudiced the school committee against her and caused her to lose her position as teacher. Upon appeal by the plaintiff from an order sustaining demurrers by the defendants, it was *held,* that

(1) Such allegations, so far as they related to false and fraudulent charges, accusations and statements against the plaintiff made by the defendants to the members of the school committee were insufficient to support the action in that neither the tenor nor the substance and effect thereof was set forth; the general allegations were not sufficient to state a cause of action;

(2) The allegations, that the defendants did hamper, obstruct and impede the plaintiff in her work as teacher and did watch and annoy

her in such work, were not descriptive of tortious conduct on the part of the defendants in the circumstances;

(3) The allegation that the defendants conspired together did not set forth a cause of action, the acts as to which they conspired not being shown to have been tortious;

(4) The demurrers rightly were sustained.

The right of a defendant in an action at law to ask for a bill of particulars is not a substitute for his right not to be required to answer or proceed with trial on the merits unless a cause of action, at least in skeleton form, is stated in the declaration.

TORT. Writ dated November 23, 1933.

The declaration and demurrers thereto are described in the opinion.

The demurrers were heard by *Walsh*, J., and were sustained. The plaintiff appealed.

The case was submitted on briefs.

*F. C. Zacharer*, for the plaintiff.

*C. W. Wonson*, City Solicitor, for the defendants.

RUGG, C.J. This is an action of tort brought by one who was a teacher of English in the high school of the city of Gloucester from 1925 until her dismissal by the school committee of that city in 1933. The defendants are respectively the superintendent of schools, the principal of the high school and the supervisor of the English department in the high school in that city. In both counts of the plaintiff's declaration are allegations to the effect that by virtue of G. L. (Ter. Ed.) c. 71, § 41, she had tenure of office and was employed to serve at the discretion of the school committee, and that in October, 1933, she was dismissed as such teacher by vote of the school committee; that the defendants "unlawfully and without justifiable cause did conspire to have the said plaintiff dismissed from her said position as school teacher and in pursuance of said conspiracy made false, fictitious, and fraudulent charges against the said plaintiff to the members of the said school committee of the said city of Gloucester and did hamper, obstruct and impede the said plaintiff in her said work as teacher in the high school of the said city of Gloucester and did watch her and did annoy her and did make false and fictitious charges, accusations and state-

ments about her and against her." In the first count the allegation of damage is injury to the plaintiff's health, inability to pursue her occupation as teacher, necessity of employment of medical care and attention, loss of time and expense for medical care. The second count alleges that by reason of the false, fictitious and fraudulent charges, accusations and statements a majority of the members of the school committee became prejudiced against the plaintiff and thus she lost her position as school teacher. The defendants severally demurred to the declaration on the grounds that (1) the allegations in law are insufficient to enable the plaintiff to maintain her action, (2) the plaintiff alleges action taken by the school committee of the city and any remedy of the plaintiff should be pursued according to the statutes in such matters provided, and (3) no particular false, fictitious or fraudulent charge or act is specified. The several demurrers were sustained and the plaintiff's appeal brings the case here.

It is a general principle that it is an actionable wrong for one maliciously to induce another to break his contract with the plaintiff. The plaintiff was employed by the city by virtue of a contract. The government of the schools and the supervision of teachers are largely under the direct or indirect control of the school committee. Teachers however have a considerable security as to tenure and compensation. *Paquette* v. *Fall River*, 278 Mass. 172, 174. *Russell* v. *Gannon*, 281 Mass. 398. G. L. (Ter. Ed.) c. 71, §§ 42, 43. The plaintiff like any other employee was entitled to protection under the law against tortious conduct by a third person maliciously and without justifiable cause designed to move the school committee to end her employment as teacher "whether the inducement be false slanders or successful persuasion." *Moran* v. *Dunphy*, 177 Mass. 485, 487. Violation of her rights in this respect by a third person would constitute a cause of action. The essential allegations of the declaration so far as they relate to false and fraudulent charges, accusations and statements against the plaintiff made by

the defendants to the members of the school committee are not set forth either according to their tenor or according to their substance and effect. Such general allegations are insufficient as matter of pleading to state a cause of action in tort. *May* v. *Wood*, 172 Mass. 11. *Moran* v. *Dunphy*, 177 Mass. 485.

There remain in the declaration allegations that the defendants did hamper, obstruct and impede the plaintiff in her work as teacher and did watch and annoy her in such work. These averments are of the most general nature and do not particularize in any degree. The several defendants were the superiors of the plaintiff in her work in the school. According to common knowledge it was the duty of the defendants in the performance of the duties of their several official positions to observe the conduct of the plaintiff as teacher, to make suggestion for the improvement of her work and in every reasonable way to increase her efficiency. Entirely appropriate action by the defendants prompted by the highest motives and intended to promote the general welfare might seem to the plaintiff to be obstructive of the execution of her ideas of teaching and therefore harmful to her. These averments of the declaration are not descriptive of tortious conduct on the part of the defendants in these circumstances. Great detail in pleading well known torts or infringement of legal rights is not required. *McGurk* v. *Cronenwett*, 199 Mass. 457. *Wheeler-Stenzel Co.* v. *American Window Glass Co.* 202 Mass. 471. A cause of action must be described in the pleadings against a defendant before he can be called upon to answer. It is not enough to hold that he is protected by the right to ask for a bill of particulars. That is not a substitute for the right not to be required to proceed unless a cause of action at least in skeleton form is stated in the declaration. No cause of action in tort is pleaded in the declaration.

The allegation that the defendants conspired with respect to the plaintiff, standing by itself alone, does not constitute ground for civil relief. The gist of the action is the tortious act of the defendants. The effect of the

charge that the defendants conspired together is to fix a joint liability on the defendants. If there is no tort set out as to a single defendant, conspiracy adds nothing except in instances where mere force of numbers acting in unison or other exceptional circumstances may make a wrong. The case at bar is not of that nature. *Randall* v. *Hazelton,* 12 Allen, 412, 414. *Farquhar* v. *New England Trust Co.* 261 Mass. 209, 214, 215. *Antoine* v. *Commonwealth Trust Co.* 266 Mass. 202, 205, 206.

*Orders sustaining demurrers affirmed.*