## Sweeney v. Gleason

*Frank Sweeney*, plaintiff, p. p.
*Bedford, Jones, McGuigan & Waller*, for defendant.

VALENTINE, J., October 1, 1937.—This suit was instituted June 15, 1936. The original statement was filed July 13, 1936. Amended statements were allowed to be filed on January 15, 1937, February 5, 1937, and June 26, 1937. Plaintiff acted in the capacity of attorney for himself in instituting the suit and in filing the various statements. The last amended statement restates in detail plaintiff's alleged cause of action. It sets forth that plaintiff was employed as head lampman at no. 2 lamp room of Alden Coal Company on and prior to February 20, 1934; that at said time defendant was employed as mine inspector for the Commonwealth of Pennsylvania. The statement then continues:

"3. Plaintiff avers that while he was under an oral contract in the employment of Alden Coal Company at Alden, Luzerne County, Pa., on February 20, 1934, the defendant, Frank Gleason, in the office of said company at Alden aforesaid, unlawfully, wantonly, and maliciously and without justifiable cause, advised, requested,

and persuaded the president of said company, K. M. Smith, acting for and on its behalf, to breach said oral contract of employment under which plaintiff was engaged as head lampman at a salary ranging from $4.76 to $5.35 for each day he was employed, and dismiss and discharge plaintiff from his said employment and position with said company, and in pursuance of said unwarranted, unlawful and malicious request, advice and persuasion of defendant, said K. M. Smith, as president of said company and for and on its behalf, dismissed and discharged plaintiff from said position and employment, and by reason of said request, advice and persuasion, said company has since refused to employ plaintiff in said position, or otherwise. Thereby, plaintiff was materially injured in that he was deprived of obtaining a living from said employment.

"4. That by reason of the aforesaid wrongful acts of defendant, plaintiff has been caused to lose an average wage of $724.47 for every six months he has been unemployed since defendant caused his discharge from said lamp room employment with said company on February 20, 1934, as aforesaid.

"5. That by reason of said wanton, unlawful and malicious conduct of defendant, plaintiff has been permanently deprived of said means of livelihood, and of the wages and compensation he otherwise would receive in said employment with said company, and he therefore claims damages for the present and future loss of said wages and compensation in the sum of $20,000, and punitive or exemplary damages in the sum of $5,000."

Defendant's affidavit of defense raising questions of law avers that the statement does not set forth a valid cause of action, and fails to state any facts constituting tortious misconduct by defendant.

It appears from the statement that defendant, at the time it is alleged he advised plaintiff's dismissal, was acting in his capacity as mine inspector for the Commonwealth. Does the fact that the statement alleges that

defendant acted "wilfully and maliciously and without justifiable cause" create a cause of action?

The alleged misconduct is charged against defendant alone. There is no averment that, in advising the president of the coal company to dispense with plaintiff's services, defendant acted in concert with others: "there are things which it is lawful for an individual to do which it is not lawful for a combination of individuals to do": Bausbach v. Reiff, 244 Pa. 559, 563.

The statement does not allege that the "oral contract" under which plaintiff was employed was for any definite period of time. Presumably it could be terminated at the will of either party.

It has been said that a prima facie case of wrongful interference with a contract is made out if there are alleged:

". . . (1) intentional and wilful acts (2) calculated to cause damage to the plaintiffs in their lawful business, (3) done with the unlawful purpose to cause such damage and loss, without right or justifiable cause on the part of the defendant, (which constitutes malice,) and (4) actual damage and loss resulting": Walker et al. v. Cronin, 107 Mass. 555, 562; 15 R. C. L. 63, sec. 24.

What unlawful means did defendant resort to to procure plaintiff's discharge? What intentional and wilful acts did he commit?

In Caskie v. P. R. T. Co., 321 Pa. 157, the representations alleged to have been made by defendant were set forth in the statement (p. 159). In the instant case the statement avers that defendant "advised, requested and persuaded" the president of the coal company, for which plaintiff was then working, to breach the oral contract of employment.

In May v. Wood et al., 172 Mass. 11, 51 N. E. 191, it was held in an action by plaintiff, a servant, to recover damages alleged to have resulted from her discharge which had been induced by false and malicious statements, that the declaration must substantially set out

the statements alleged to have been made, either according to their tenor, or according to their substance and effect. During the course of the opinion it was pointed out that cases like the present are to be distinguished from actions for enticing servants away from masters, of which Walker et al. v. Cronin, supra, is a notable example.

In Caverno v. Fellows, 286 Mass. 440, 190 N. E. 739, the statement alleged:

". . . that the defendants 'unlawfully and without justifiable cause did conspire to have the said plaintiff dismissed from her said position as school teacher and in pursuance of said conspiracy made false, fictitious, and fraudulent charges against the said plaintiff to the members of the said school committee of the said city of Gloucester and did hamper, obstruct and impede the said plaintiff in her said work as teacher in the high school of the said city of Gloucester and did watch her and did annoy her and did make false and fictitious charges, accusations and statements about her and against her.' "

In holding the statement insufficient the chief justice said at page 442:

"The essential allegations of the declaration so far as they relate to false and fraudulent charges, accusations and statements against the plaintiff made by the defendants to the members of the school committee are not set forth either according to their tenor or according to their substance and effect. Such general allegations are insufficient as matter of pleading to state a cause of action in tort."

How did defendant mine inspector persuade the president to dismiss plaintiff? What was the nature of the request made by defendant? What did he say by way of advising plaintiff's dismissal? Defendant's conduct, even if prompted by proper motives and deemed by him to be entirely proper, might seem to plaintiff to be "without justifiable cause" and, therefore, harmful to him.

The averments of the statement are conclusions and are not descriptive of tortious conduct. Defendant's acts

are not averred except in general terms which are, we think, insufficient.

By opinion filed in September 1936, Judge Jones reached the conclusion that the first statement of claim was fatally defective and did not set forth any cause of action. Thereafter, plaintiff has had three opportunities to correct the defect then existing, and to present a statement that was in compliance with the requirements of the law. The judges are all of the opinion that the present statement is fatally defective, and that no good purpose would be served by continuing the litigation.

Questions of law raised by the affidavit of defense are decided in favor of defendant and, as the conclusion we have reached disposes of the entire claim, judgment is now entered in favor of defendant.