Melvin FRANKLIN, Appellant,

v.

Jasper HARRIS, et al., Respondents.

No. WD 40709.

Missouri Court of Appeals, Western District.

Jan. 3, 1989.

Elister H. Dewberry, Kansas City, for appellant.

Allan V. Hallquist, Lori A. Leu, Blackwell Sanders Matheny Weary & Lombarldi, Kansas City, for respondents.

Before LOWENSTEIN, P.J., and TURNAGE and COVINGTON, JJ.

TURNAGE, Judge.

Melvin Franklin brought suit against the School District of Kansas City, the members of the Board of Directors in their official capacity and Jasper Harris and Willie Giles for tortious interference of contract and for breach of contract. The court dismissed the petition for failure to state a claim upon which relief could be granted and because Franklin had pending an exclusive statutory remedy. Affirmed.

Franklin alleged in Count I that he had been employed by the School District of Kansas City as a school principal for more than six years prior to April 1987 with Harris and Giles as his supervisors. It was alleged that Harris and Giles conspired to interfere with Franklin's contract with the District by falsely accusing Franklin of incompetency. The petition alleged that in furtherance of the conspiracy Giles wrote memos addressing concerns which were exaggerated, abstract and vague; in addition he visited with teachers and other staff at Central High School where Franklin was the principal. It was alleged Harris and Giles implied to the School Board that incidents had occurred at Central which had not occurred at other schools, and that students at Central performed or conducted themselves in a manner which did not occur at other high schools.

On April 16, 1987, Melvin Franklin was demoted from principal to teacher following hearings held by the Board.

In Count II Franklin contends that his contract with the School District as principal, was breached because he was demoted without legitimate cause or justification.

The elements necessary to prove tortious interference with contract were stated in *Lick Creek Sewer Sys. v. Bank of Bourbon*, 747 S.W.2d 317, 322[5] (Mo.App.1988):

(1) the existence of a contract, (2) defendant's knowledge of the contract, (3) that defendant induced or caused the breach of contract, (4) that the defendant's acts were not justified, and (5) that the plaintiff thereby suffered damages.

The only element at issue in this case is justification. The situation of a school teacher suing his supervisor for tortious interference with contract was considered in *Caverno v. Fellows*, 286 Mass. 440, 190 N.E. 739 (1934). The court stated that a school teacher like any other employee is entitled to protection against tortious

conduct by a third person designed to move the school board to end the employment relationship. *Id.* 190 N.E. at 740[1–3]. In *Caverno v. Fellows*, 300 Mass. 331, 15 N.E. 2d 483 (1938), the court held that the supervisor of a teacher was within the scope of his duty when he made reports concerning the teacher's performance even if the natural consequence of the report was the teacher's dismissal. *Id.* 15 N.E.2d at 487[3–6]. Thus, performance by the supervisor of his duty to evaluate and report to the Board on a teacher's performance is justified and not wrongful even if such report carries with it the possibility or even probability that the teacher will lose his job. The court held that malice is material when malice, and not a justifiable purpose, is the reason for actions taken by a supervisor which result in the interference with a teacher's contract. In short, the pleading and evidence must show that the supervisor was motivated by malice and not motivated by a desire to act in his supervisory capacity in order to find that the acts of the supervisor were not justified.

No Missouri case has been cited or located involving school teachers or administrators. This court finds the *Caverno* cases to be well reasoned and consistent with the law of Missouri on interference with contracts. Consistent with the holdings in both *Caverno* cases it was necessary for Franklin to allege that the actions of Harris and Giles with reference to Franklin were motivated solely by malice or ill will against Franklin and not by any purpose to perform their duties as supervisors. Because the petition is couched in terms of conclusions and does not contain any allegations of fact which suggest Harris and Giles acted out of malice or ill will, the court correctly dismissed the petition. It was necessary to allege facts, and not merely conclusions, that the acts of Harris and Giles were motivated solely by malice or ill will. *Lick* 747 S.W.2d at 323. This deficiency would be sufficient ground on which to dismiss the petition.

■ The allegation of a conspiracy between Harris and Giles does not help. "The gist of the action is not the conspiracy, but the wrong done by acts in furtherance of the conspiracy." *Mills v. Murray*, 472 S.W.2d 6, 12[3–5] (Mo.App.1971). The conspiracy is not actionable, but only the wrong done under the conspiracy. *Id.* The petition failed to plead the necessary facts to allege the tort of interference with contract.

■ Further, Count I of the petition did not state a cause of action against the School District or the members of the Board of Directors acting in their official capacity because the Board could not be charged with the tort of inducing a breach of its own contract. *Becket v. Welton Becket & Associates*, 39 Cal.App.3d 815, 114 Cal.Rptr. 531, 535[7, 8] (1974).

■ Count II alleged that the School District breached its contract with Franklin when it held a hearing and demoted him from principal to teacher. Franklin concedes that he has pending a petition in the circuit court for judicial review of the School Board action pursuant to Chapter 536, RSMo 1986. In *James v. City of Jennings*, 735 S.W.2d 188, 190[2] (Mo.App. 1987), the court held that the remedy of judicial review under Chapter 536 must be pursued and such procedure cannot be bypassed by a collateral attack in a damage suit. The court held that the trial court had no jurisdiction over the collateral suit for damages in such a situation.

Franklin had a right to judicial review of the School Board action demoting him and he was required to pursue that remedy. This collateral attack on the action of the School Board in demoting him did not vest the circuit court with jurisdiction over Count II for breach of contract.

The judgment dismissing the petition is affirmed.

All concur.