Betty CARRINGTON; Appellant;

v.

David J. MAHAN, Superintendent of Schools of the Board of Education of the City of St. Louis; Board of Education of the City of St. Louis; Personnel Committee of the Board of Education of the City of St. Louis; Geraldine Johnson; Warren Thompson; Beverly Buchheit; Terrence Bullock; Charles R. Brown; Appellees.

No. 94–2944.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1995.

Decided Mar. 31, 1995.

Rehearing Denied May 5, 1995.

Hugh R. Law, St. Louis, MO, argued, for appellant.

Daniel K. O'Toole, St. Louis, MO, argued (Kenneth Charles Brostron, on brief), for appellee.

Before McMILLIAN, Circuit Judge; HEANEY, Senior Circuit Judge; and MORRIS SHEPPARD ARNOLD, Circuit Judge.

HEANEY, Senior Circuit Judge.

Betty Carrington appeals from a decision of the district court granting summary judg-

ment to certain school administrators and the Board of Education of the City of St. Louis (Board), which terminated Carrington's employment as a social worker. We affirm.

Carrington was employed by the Board as a tenured social worker for twenty-five years. In 1989–90, while on sabbatical leave from her position in the Special Student Concerns Department, she was reassigned by the Board to the Social Worker Services Department of the Division of Pupil Personnel Services. Carrington objected to the reassignment and filed a grievance with the Board. She requested that she be placed on a paid leave of absence pending arbitration of her grievance. The associate superintendent denied her request by letter and suggested that she apply for an unpaid leave. The associate superintendent also informed her by letter dated September 19, 1990, that she was to report to her new work assignment pending arbitration or risk being cited for job abandonment. Carrington did not report for work.

On October 31, 1990, school administrators again wrote to Carrington, calling her attention to Board regulations on job abandonment and informing her that unless she responded to the letter within five days she would be deemed to have abandoned her job. She did not respond as requested. On November 9, 1990, after the five-day period expired, Carrington met with the associate principal, who refused her renewed requests for a hearing on her transfer grievance and for a leave of absence. On November 13 the Board terminated Carrington. Carrington subsequently asked the Board for a hearing and a written statement of the reasons for her dismissal. The Board responded that she was not entitled to a hearing because she abandoned her job.

In April 1992, Carrington petitioned the Circuit Court of the City of St. Louis to require the Board to grant her a hearing. In its order of August 14, 1992, the court "directed that plaintiff's request for a hearing on the issues presented be held and that the matter be remanded to the Board of Education for a hearing on charges presented." The Board's personnel committee held a

hearing and determined that Carrington had voluntarily abandoned her position and was absent without authorization, and that her conduct warranted dismissal. The Board dismissed Carrington retroactive to November 13, 1990, the date of her original termination.

On January 3, 1993, more than two years after the Board's action, Carrington brought the instant action in state court. She asked for judicial review, pursuant to Mo.Rev.Stat. § 536.140.2, of the decision by the Board's personnel committee to terminate her employment (Count I); for damages pursuant to Mo.Rev.Stat. § 168.281 (Count II); and for relief under 42 U.S.C. § 1983 for violations of the Fifth and Fourteenth Amendments to the United States Constitution (Count III). The defendants immediately removed the case to federal district court and moved for summary judgment. The court granted the motion.

██ The district court first noted that under Missouri law, judicial review is limited to a determination of whether the decision of the Board is supported by competent and substantial evidence. Mo.Rev.Stat. § 536.140.2; *Bell v. Board of Educ. of the City of St. Louis,* 711 S.W.2d 950, 955 (Mo. Ct.App.1986). The court concluded that the evidence amply supported the Board's decision, and we agree.

It is clear that Carrington was entitled to a hearing on her transfer grievance, but it is equally clear that she had an obligation to report for work in her new position and to work pending the disposition of that grievance. She failed to report for work, despite clear directions from the Board to do so. Unfortunate as it may be, she is bound by her decision. Thus, we affirm the district court's summary judgment on Count I.

██ We also agree with the district court's decision on Count II that Mo.Rev. Stat. § 168.281 does not create a private cause of action. Judicial review of the Board's decision, as provided in Mo.Rev.Stat. § 536.140.2, is the exclusive remedy, and Carrington may not pursue an independent action for damages. *See Franklin v. Harris,* 762 S.W.2d 847, 849 (Mo.Ct.App.1989).

██ We further find ourselves in agreement with the district court with respect to

Count III. By voluntarily abandoning her job, Carrington relinquished her property interest in continued employment, and no due process concerns are implicated here. Carrington has simply failed to allege facts sufficient to show a constitutional violation.

█ Finally, Carrington asserts that the district court erred in granting summary judgment because it was bound by the prior judgment of the Missouri circuit court, which held that Carrington was entitled to a hearing before the Board. She contends that she was never given the hearing mandated by the circuit court, *i.e.*, a hearing on the appropriateness of her job transfer. We acknowledge that the Missouri circuit court decision is ambiguous in that it did not specifically state the issues on which she was entitled to a hearing by the Board. The Board construed the circuit court's order as permitting it to hold a hearing solely on the issue of whether she abandoned her position with the Board. When it became clear to Carrington that her hearing was limited to this question, she did not seek to have the order clarified. Thus, in our view she cannot now complain that the Board of Education did not comply with the order of the circuit court.

For the reasons stated above, we affirm the judgment of the district court.