White, J.
Plaintiffs brought this action against defendants based on defendants’ allegedly wrongful conduct in connection with the purchase and occupancy of rent control properly in Cambridge, Massachusetts. Defendant Sigma Chi (“Sigma Chi”), a national fraternity, is alleged to have conspired to violate (1) the Cambridge Rent Control Act (Count II); (2) G.L.c. 186, §14, Right to Quiet Enjoyment (Count IV): and (3) G.L.c. 12, §§11 H & I, the Massachusetts Civil Rights Act (Count VI).
Sigma Chi has moved for summary judgment on several grounds. In particular, Sigma Chi contends that plaintiffs will be unable to prove an essential element of civil conspiracy at trial. For the reasons set forth below, Sigma Chi’s motion for summary judgment is ALLOWED.
BACKGROUND
The facts are set forth in the light most favorable to the nonmoving parties (plaintiffs), resolving all differences and drawing all reasonable inferences in favor of plaintiffs. On April 13, 1992, defendant Daniel Harrop (“Harrop”), one of fifteen Grand Trustees of the national organization Sigma Chi Fraternity, purchased property at 14 Mount Auburn Street, Cambridge, Massachusetts (the “premises”). At the time of purchase, the premises were subject to the Cambridge Rent Control Act, and plaintiffs were tenants of the premises. Immediately following the purchase, Harrop sought to evict plaintiffs, claiming that he intended to occupy the premises as his principal residence. In November 1992, the Cambridge Rent Control Board (“CRCB”) approved plaintiffs’ evictions. Plaintiffs vacated the premises on June 30, 1993. Both Harrop and Keith Light, a member of Sigma Chi and the Chapter Advisor of the Harvard University Chapter, continued to maintain that Harrop lived at the premises.
Approximately one year later, CRCB determined, after hearings, that Harrop never intended to use and/or occupy the premises for himself or relatives. Rather, Harrop purchased the property and gained possession for the purpose of using it as a fraternity house and a meeting place for the Harvard Chapter of the Sigma Chi Fraternity (“Kappa Eta”).
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
Where the party moving for summary judgment does not have the burden of proof at trial, this burden may be met by either submitting affirmative evidence that negates an essential element of the opponent’s case or by demonstrating that proof of that element is unlikely to be forthcoming at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts that would establish the existence of a genuine issue of material fact in order to defeat the motion. Pederson, supra at 17.
All counts against Sigma Chi are based only on a theory of conspiracy. In Massachusetts, “(c]ivil conspiracy is a very limited cause of action.” Tennaro v. Ryder System Inc., 832 F.Supp. 494 (D. Mass. 1993), quoting Jurgens v. Abraham 616 F.Supp. 1381, 1386 (D.Mass. 1985). The independent tort for conspiracy exists only in the situation “where mere force of numbers acting in unison or other exceptional circumstances may make a wrong.” DesLauries v. Shea, 300 Mass. 30, 33 (1938), quoting Cavemo v. Fellows, 286 Mass. 440,444 (1934).
To prevail on a claim of civil conspiracy, a plaintiff must prove that “defendants, acting in unison, had ‘some peculiar power of coercion’ over plaintiff that they would not have had if acting independently.” Tennaro v. Ryder System Inc., 832 F.Supp. at 499, quoting Jurgens v. Abraham 616 F.Supp. 1381, 1386 (D.Mass. 1985), (quoting Fleming v. Dane, 304 Mass. 46 [](1939)). “Evidence of mere joint tortious activity by defendants is insufficient to prove civil conspiracy.” Tennaro v. Ryder System Inc., at 499, citing Norman v. Brown, Todd & Heybum, 693 F.Supp. 1259, 1265 (D.Mass. 1988).
In Tennaro v. Ryder System Inc., supra, the plaintiff, a discharged employee, brought action against his employer, the parent corporation, and his supervisors to recover for age discrimination and various torts. The plaintiff alleged that the individual defendants, acting together, possessed and exerted coercion in bringing false charges against him, leading to his wrongful termination. Id., at 499. The court allowed the defendants’ motion for summary judgment on the civil conspiracy counts because the plaintiff “failed to produce evidence *636 that the individual defendants, by virtue of joint activiiy, possessed any peculiar power of coercion over him." IcL
In this case, plaintiffs, too, have failed to produce any evidence that the individual defendants, including Sigma Chi, possessed any peculiar power of coercion over them.[4] Nothing in the record, so far, demonstrates that the acts of the defendants had “any greater or different tortious quality than would be ascribed to the same acts if performed by separate individuals only.” Fleming v. Dane, 304 Mass. 46, 51 (1939). Even if plaintiffs can produce evidence which would demonstrate that Sigma Chi acted in conjunction with the other defendants to wrongfully evict plaintiffs from the rent control premises, this, alone, does not amount to civil conspiracy. Accordingly, Counts II, IV, and VI as against Sigma Chi are DISMISSED.
ORDER
For the foregoing reasons, the court hereby ORDERS that Defendant’s motion for summaryjudgment is ALLOWED.

Plaintiffs did not even make such allegations in their Third Amended Complaint. They merely state that the facts, as described in the complaint, “constitutefd] a conspiracy.”

Although Sigma Chi has entitled its motion as a motion to dismiss, as evidenced by their briefs and affidavits, the parties are treating this as a motion for summaryjudgment, and so shall the court.