DAVID VIGODA *vs.* WALTER E. BARTON.

Suffolk.   December 5, 1958. — January 9, 1959.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, &
WHITTEMORE, JJ.

*Pleading, Civil,* Demurrer, Declaration.   *Unlawful Interference.*

A demurrer reciting that it was "to the amended declaration" on certain
grounds, one of which was that "Count 1" failed to state a cause of
action, should not be construed as addressing that ground to the dec-
laration as a whole rather than to the first count only.   [302–303]

A cause of action "for tortious interference" by a civil service appointee
against the appointing authority having the power of removal was not
stated by a declaration alleging merely in substance that the plaintiff
had been in "an advantageous position" as to status and had held his
position until he was improperly removed therefrom by the defendant
less than six months after the appointment, and that he had been
obliged to bring a mandamus proceeding in order to secure restoration
to the position.   [303–304]

A ground of demurrer to a declaration containing only counts in tort,
that the counts did not arise out of the same subject matter, was not
good by reason of G. L. c. 231, § 7, Fifth; § 1A was inapplicable.   [304]

TORT.   Writ in the Superior Court dated March 12, 1957.

The action was heard by *Lurie,* J., on demurrer.

*Robert J. Sherer,* (*Robert T. Abrams* with him,) for the
plaintiff.

*Joseph H. Elcock, Jr.,* Assistant Attorney General, for the
defendant.

WILKINS, C.J.   To a declaration containing six counts
in tort a demurrer was sustained, and the plaintiff appealed.
Count 1 is entitled "for tortious interference," counts 2
and 6 are for slander, and counts 3, 4, and 5 are for libel.

1. The first question is the interpretation of the demur-
rer, which reads: "Now comes the . . . [defendant] in the
above-entitled matter and demurs to the amended declara-
tion on the following grounds: 1. Count 1 of the amended
declaration fails to state a cause of action.   2. The amended
declaration contains counts which do not arise out of the

same subject matter." The plaintiff contends that the first ground of demurrer is addressed to the entire declaration although referring only to count 1. He cites the well known rule that a demurrer to a declaration as a whole must be overruled if any count is good, *Hiller* v. *American Tel. & Tel. Co.* 324 Mass. 24, 25; and the defendant has not argued that any of the other counts are bad. We think, however, that the unfortunate phraseology of the first sentence is not to be taken as requiring an absurd construction of the first ground which specifies count 1.

2. We next consider whether count 1 does state a cause of action. The count is needlessly prolix, makes many immaterial allegations, contains statements of evidence, and is argumentative. Any attempt to try this count to a jury would surely lead to confusion. Nevertheless, as the defendant has not relied on formal grounds, ours is the burden of trying to search out the substance of the alleged cause of action and of restating it in the language necessary for legal analysis. On January 1, 1956, the plaintiff, who previously had been an assistant psychiatric social worker at Boston State Hospital, was appointed psychiatric social worker for the department of mental health, a position under the classified civil service. He "was in an advantageous position" as to status, and held the new position at Boston State Hospital until March 24, 1956, when the defendant discharged him after causing to be inserted in the plaintiff's file a portion of a record of another person which was used as a pretext for his discharge. The plaintiff was compelled to bring mandamus proceedings to be restored to his position.

The declaration fails to state who the defendant was. We know from the mandamus proceedings that he was the superintendent of the hospital. *Vigoda* v. *Superintendent of Boston State Hosp.* 336 Mass. 724.

At the time of his discharge the plaintiff must have been in the probationary period of six months under the civil service law, and was subject to discharge if his conduct, capacity, or the quality of his work was not satisfactory to

the appointing authority. G. L. c. 31, § 20D. The defendant was empowered to appoint and remove "necessary subordinate officers and other persons." G. L. c. 123, § 28 (as amended through St. 1954, c. 598, § 3). The defendant, accordingly, himself had the power of removal of the plaintiff in the circumstances enumerated. It is not alleged that the plaintiff's conduct, capacity, or the quality of his work was satisfactory to the defendant.

Count 1 does not state a cause of action for tortious interference with a business relation. There is no allegation of any inducement brought to bear upon a third person. Count 1 does not fall within Restatement: Torts, § 766, relied upon by the plaintiff, which reads: ". . . one who, without a privilege to do so, induces or otherwise purposely causes a third person not to . . . enter into or continue a business relation with another is liable to the other for the harm caused thereby." See *Moran* v. *Dunphy*, 177 Mass. 485, 487; *McGurk* v. *Cronenwett*, 199 Mass. 457, 460; *Anderson* v. *Moskovitz*, 260 Mass. 523, 526; *Owen* v. *Williams*, 322 Mass. 356, 360; Harper & James, Torts, § 6.5; Prosser, Torts (2d ed.) p. 737.

3. The second ground of demurrer was not good. The defendant relies upon G. L. c. 231, § 1A, which reads, "Causes of action may be commenced and joined in a single writ when they arise out of the same matter." It was inserted by St. 1951, c. 403, the title of which was, "An Act to clarify the law relating to the commencement of actions arising out of tort and contract." Obviously, it was not intended to deal with a case consisting of more than one tort count. In particular, the Legislature could not have had the purpose to repeal sub silentio G. L. c. 231, § 7, Fifth, which provides, "It [a declaration] may contain any number of counts for different causes of action which belong to the same division of actions." This dates back to St. 1851, c. 233, § 2, and St. 1852, c. 312, § 2. Examples of such cases are *Twombly* v. *Monroe*, 136 Mass. 464, *Barnett* v. *Loud*, 243 Mass. 510, 512, and *Gallagher* v. *R. E. Cunniff, Inc.* 314 Mass. 7, 8.

We are not required to resolve the problem as to why St. 1951, c. 403, was thought necessary, when G. L. c. 231, § 7, Sixth, had been amended by St. 1939, c. 67, § 1, so as to read, "Causes of action in contract and in tort shall not be joined, except when they arise out of the same matter, and in such case they shall be stated in separate counts and be heard and determined together, and the plaintiff shall not be required to elect between them."

4. The order sustaining the demurrer is reversed. A new order is to be entered sustaining the demurrer to count 1 and overruling the demurrer as to the other counts.

*So ordered.*