FREDERICK PARR-ANGELL & another *vs.* CITY OF NORTHAMPTON. November 2, 1960. Decree affirmed with costs of this appeal. The plaintiffs seek by this bill in equity to challenge the legality of proceedings whereby the defendant took by eminent domain a parcel of their land for school purposes. The judge, after finding that the taking was valid, entered a decree dismissing the bill. The plaintiffs appealed. We need not concern ourselves with the correctness of the decision below. It appeared at the argument before us that prior to the commencement of the present suit the plaintiffs brought a petition under G. L. c. 79 for the assessment of damages and that this petition has resulted in a judgment for damages in the plaintiffs' favor. It further appeared that execution has issued on the judgment and that on August 26, 1960, it was satisfied in full. In so proceeding the plaintiffs made a final and binding election of their remedy and it is not open to them to pursue the remedy here sought. See *Moore* v. *Sanford,* 151 Mass. 285, 287. See also *Pinkham* v. *Chelmsford,* 109 Mass. 225, 228–229; *Hussey* v. *Bryant,* 95 Maine, 49.

*Melvin Thorner,* for the plaintiffs.

*Kenneth B. Bowen,* City Solicitor, for the defendant.

ALBERT SLUSARZ *vs.* REPUBLICAN PUBLISHING COMPANY. November 2, 1960. Order affirmed. This is an action of tort for libel. The declaration, which is in one count covering more than five pages of the printed record, contains a confused statement of arguments and recitals of evidence. The plaintiff appeals from an order sustaining a demurrer on the ground that the "declaration does not state concisely and with substantial certainty the substantive facts necessary to constitute a legal cause of action against this defendant, substantially in accordance with the requirements of G. L. (Ter. Ed.) c. 231." This ground is properly expressed. See G. L. c. 231, § 7, Second. The demurrer was rightly sustained. *Flower* v. *Suburban Land Co. Inc.* 332 Mass. 30, 32–33. *Vigoda* v. *Barton,* 338 Mass. 302, 303.

The case was submitted on briefs.

*Albert Slusarz,* pro se.

*James R. Crowe,* for the defendant.