Larkin, J.
This case presents the question of whether the absence of a counter - affidavit filed by defendant, is necessarily fatal to an attempt to defeat a plaintiffs motion for summary judgment on the special facts of record here[1].
The plaintiffs complaint as originally filed in the district court was in two Counts. The first Count was on an “account annexed’ ’ in which the plaintiff claimed an amount of $854.80, apparently for insurance premiums deriving from coverage of the defendant. The second Count was for money had and received alleging that the defendant owed plaintiff the sum of $940.41. The further averments of this Count show the genesis of the amount sought was the following:
Plaintiff had apparently paid the defendant the sum of $940.41 on a collision policy as *184 agent for an insurer. After making this payment, the Count further alleged that the plaintiff subsequently paid the same amount to a credit union which claimed to have a lien on the defendant’s car - which lien plaintiff was apparently unaware of at the time of the original payment to plaintiff. In this Count, there appears further language to the effect that after legal research the plaintiff believed that it was legally obligated to pay the credit union, did so and, thereafter, looked to the defendant to recover the proceeds of this second payment.
The defendant filed a general denial to all averments of the two complaints. Thereupon the plaintiff filed its motion for summary judgment. In support of this motion, plaintiff filed an affidavit signed by one David S. McNamara. In his affidavit, McNamara affirmed that he was employed by the plaintiff as a vice-president; that the books and records of the plaintiff are maintained under his control; that the entries therein are made in the ordinary course of business; that it is the plaintiffs custom to make and keep such books and records; that it appears from such books and records that the defendant owes the plaintiff the sum of $1,806.46; and that he knows of no defense to the action.
The defendant did not file a counter-affidavit but did file, in opposition to the allowance of the motion, a further statement that there was a genuine issue of material fact, which was immediately apparent from the pleadings. The statement further asserted that the affidavit filed by the plaintiff was not supported by the facts.
The trial judge granted plaintiff’s motion for summary judgment in the aggregate amount of the dual sums sought under the dual counts of plaintiff’s complaint. Defendant challenges that action here.
We believe that the trial judge was correct in allowing plaintiffs motion for summary judgment.
“When a motion for summary judgment is made and supported as provided in this rule (Rule 56), an adverse party may not rest upon the mere obligations or denials of his pleading, but his response by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial. If he does not so respond, summary judgment if appropriate shall be entered against him.” [M.R.C.P., Rule 56.]
The explicit mandate of this rule is clear. Moreover, it is now settled that amere naked denial, essentially what is contained in defendant’s answer, even when filed in a counter-affidavit may not be enough to defeat a motion for summary judgment. Arthur L. Bowen v. Dennis Stackhouse et al., Mass. App. Ct. Adv. Sh. (1980) 1536; Albre Marble and Tile Company, Inc. v. John Bowan Company, 338 Mass. 304 (1959).
In this case, the defendant obviously disagreed with the legal import of the plaintiff s affidavit and, accordingly, simply relied upon his answer. He did not file an affidavit which, as noted above, if it was simply a naked denial.devoid of specific facts, may have been insufficient. On this record, we believe that more was required to defeat a motion for summary judgment both under Rule 56 and relevant case law in the Commonwealth and elsewhere. .
We believe there was no error below and that, accordingly, the report shall be dismissed.

 As originally presented to us this matter had two distinct facets. One was the petition of the defendant to establish a controverted report. The second involved the legal issues generated by the report actually filed by the trial court. However, at oral argument it was agreed by the parties thaf the determinative issue in the proceeding - however viewed - was whether the court below was correct in granting plaintiff s motion for summary judgment. It is that issue above which we address.