King, J.
INTRODUCTION
The plaintiff, Darryl L. Lemanski,[2] commenced this action against the defendant, Donna Kay Rest Home, Inc. (Donna Kay), claiming, among other things, retaliation and wrongful termination of employment in violation of G.L.c. Ill, §72G. The case was tried before a jury on November 3 and 4, 1998. On November 4, 1998, the jury returned a verdict in favor of the plaintiff for $350. Under G.L.c. Ill, §72G, a successful plaintiff is entitled to recover treble damages plus reasonable attorneys fees and costs. Subsequent to the jury verdict, the plaintiffs motion for an award of attorneys fees and costs was filed. The defendant filed a motion for judgment notwithstanding the verdict. After hearing and considering the arguments of counsel, the court makes the following findings and rulings.
BACKGROUND
The plaintiff worked part-time, as an employee at will, for Donna Kay between July 1, 1990 and March 5, 1993. Donna Kay is a Massachusetts business corporation. Sharon Vega was hired as a nurse manager by Donna Kay on May 19, 1992. Ms. Vega supervised the plaintiff. During her employment, the plaintiff complained about alleged patient abuse. On February 17, 1993, Ms. Kuzdzal fired the plaintiff effective March 5, 1993.
The complaint in this action was filed on March 7, 1994. Count I alleges that Donna Kay retaliated and wrongfully terminated plaintiff in violation of G.L.c. Ill, §72G because she complained about the abuse, mistreatment, or neglect of Donna Kay’s patients and threatened to report Donna Kay to the Department of Public Health (DPH). Count II alleges that Donna Kay retaliated against and wrongfully terminated the plaintiff in violation of public policy. Count III, against Florence Kuzdzal and Sharon Vega, alleges interference with advantageous business and contractual relations.
At the commencement of the trial, Sharon Vega was dismissed as a party on motion of the plaintiff. The defendants moved for a directed verdict after the plaintiff rested and again at the conclusion of all the evidence. The court allowed the first motion as to Counts II and III without objection. The motions were denied as to Count I. As to Count II, the court ruled that the plaintiff had no claim for retaliation and wrongful termination based upon public policy because the Legislature has set forth the public policy as well as a remedy for wrongful termination in G.L.c. Ill, 72G. A claim under this statute is set forth in Count I of the complaint. As to Count III, to prevail on a claim of interference with an advantageous relationship, the plaintiff must prove that she had a contract with a third party and that Ms. Kuzdzal maliciously induced the third party to breach that contract. Albau v. Sampson, 44 Mass.App.Ct. 311, 314 (1998). Florence Kuzdzal was the only agent of Donna Kay with the authority to terminate the plaintiff. A corporation cannot interfere with its own contract. There was no evidence that Ms. Kuzdzal induced a third party to terminate the plaintiffs contract. Vigoda v. Barton, 338 Mass. 302, 304 (1959).
The claim set forth in Count I was submitted to the jury with the following three special verdict questions which the jury answered as follows:
1. Did Ms. Lemanski prove that she was fired because she complained in good faith to Ms. Kuzdzal about alleged abuse, mistreatment or neglect of residents of the Donna Kay Rest Home? YES _ NO x
2. Did Ms. Lemanski prove that she was fired because in February 1993 she told Ms. Kuzdzal, in good faith, of her intention to report alleged abuse, mistreatment or neglect of residents of the Donna Kay Rest Home to the Department of Public Health? YES _jsl NO_
*716 3. If you answered either Q.l or Q.2 with a “yes,” please state what the fair monetary value is of any emotional distress you find that Ms. Lemanski sustained as a result of her termination in March 1993.[3] Do not treble any damages that you find. _$350 _(state in figures)
DEFENDANT’S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT
Donna Kay has complied with all of the procedural requirements for the filing of its motion for judgment notwithstanding the verdict. Mass.R.Civ.P. 50(b) In ruling on a motion for judgment notwithstanding the verdict, the court is bound to consider whether anywhere in the evidence, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff. The evidence must be considered in the light most favorable to the plaintiff. Evidence which contradicts the evidence favorable to the plaintiff must not be considered. Moose v. Massachusetts Institute of Technology, 43 Mass.App.Ct. 420, 421 (1997).
Viewing the evidence in the light most favorable to the plaintiff, the jury was warranted in finding the following facts concerning the plaintiffs claim that she was fired because she told Ms. Kuzdzal, in good faith, of her intention to report alleged abuse, mistreatment or neglect of Donna Kay’s patients to DPH.
Donna Kay is a Massachusetts corporation with its place of business in Worcester, Massachusetts. All the stock in the corporation is owned by Florence Kuzdzal and her husband. Donna Kay operates a 60 bed rest home providing Level IV care to persons requiring a minimal amount of assistance, that is, the patients are able to dress and feed themselves and leave the rest home on bus trips. The facility is licensed by DPH pursuant to G.L.c. Ill, §71.Theplaintiffwashiredby Donna Kay on July 1, 1990. She was employed as a nurse’s aide and later as a responsible person. Two nurses’ aides were employed during the 11:00 p.m. to 7:00 a.m. shift. The nurse’s aide with the most seniority was known as the “responsible person.” Hence, the plaintiffs duties remained essentially the same during her employment with Donna Kay. She worked part-time, usually 3 to 4 days per week. Florence Kuzdzal became the Administrator responsible for the day-today management of Donna Kay in April 1992.
When Ms. Kuzdzal took over as Administrator of Donna Kay in April 1992, she sent a letter and questionnaire to each employee, asking for information concerning any instances of patient abuse, mistreatment, or neglect that the employee was aware of. All of Donna Kay’s employees were informed of their obligation, under G.L.c. Ill, §72G, to report patient abuse, mistreatment or neglect to DPH.[4] The plaintiff was a mandated reporter under this statute. Notice of this obligation was posted in Donna Kay’s facility. The plaintiff was aware of her obligation to report under this statute.
By letter, dated May 4, 1992, the plaintiff responded to Ms. Kuzdzal’s letter and questionnaire concerning patient abuse, mistreatment, or neglect. Attached to her May 4, 1992 letter to Ms. Kuzdzal was a draft letter concerning instances of alleged patient abuse, mistreatment or neglect at Donna Kay. She then met with Ms. Kuzdzal concerning the letter and told her that she had called the Department of Patient Qualiiy Control ofDPH on April 3, 1992. The plaintiff told Ms. Kuzdzal that if Ms. Kuzdzal continued to improve the way the rest home was being operated, she would not send the letter. The plaintiff, in fact, never sent that letter to DPH. Although the draft letter referred to a number of incidents, the only specific complaint the plaintiff verbally brought to the attention of DPH at that time involved a patient who sustained a broken kñee cap as a result of a fall.
Sharon Vega was hired by Donna Kay in May 1992 as a nurse manager. She was the plaintiffs supervisor. On two occasions between August 19, 1992 and February 14, 1993, the plaintiff complained to Ms. Vega and on two other occasions to Ms. Kuzdzal concerning alleged patient abuse, mistreatment or neglect. She did not promptly notify DPH about these allegations, in writing, as required by the statute. In the fourth complaint, on February 14, 1993, she placed a letter under Ms. Kuzdzal’s door in which she complained about unlabeled and missing patient medications.[5] On at least 4 occasions, the plaintiff received written warning notices from Ms. Vega concerning her employment, including failure to perform duties and rudeness to patients and employees. Thelastwamingwas received onFebruary 15,1993.
On February 17, 1993, the plaintiff met with Ms. Kuzdzal and complained that the warning notices given to her by Ms. Vega were in retaliation against her for complaining, in good faith, about patient abuse, mistreatment, or neglect. She told Ms. Kuzdzal that she planned to notify DPH of the patient abuse at Donna Kay which the plaintiff had witnessed over the prior three years. Ms. Kuzdzal told the plaintiff that she was a “troublemaker” and that her job would be phased out. Although there was evidence that the plaintiff was a difficult employee who repeatedly gave her supervisor, Ms. Vega, a hard time, the jury was warranted in finding that the plaintiff was terminated because the plaintiff told her she intended to file a complaint with DPH.[6] The plaintiff was terminated, effective March 5, 1993, because she intended to report patient abuse, mistreatment, or neglect to DPH. On February 17, 1993, the plaintiff sent a letter to DPH complaining about patient abuse at Donna Kay.[7] On February 26, 1993, DPH received a complaint concerning Donna Kay. DPH conducted an investigation of that complaint on March 30, 1993. The investigation uncovered no evidence to support the alleged patient abuse, mistreatment or neglect. The letter of February 17, 1993 was not introduced in evidence. Although the contents of the letter are not known, the plaintiff told Ms. Kuzdzal that she intended to report all the incidents of abuse, *717 mistreatment, or neglect that she was aware of over the preceding three years. The plaintiff sustained damages of $350 based on the embarrassment and humiliation she suffered as a result of her termination.
The general rule in Massachusetts is that an employee at will may be terminated by “either employee or the employer without notice, for almost any reason or for no reason at all.” Jackson v. ABCD, Inc., 403 Mass. 8, 9 (1988). There are some exceptions to that general rule, mostly statutory. Wright v. Shriner Hospital for Crippled Children, 412 Mass. 469, 472 (1992). The instant case is governed by G.L.c. 111, §72G. The legal question raised by the defendant’s motion for judgment notwithstanding the verdict is whether the facts viewed in a light most favorable to the plaintiff fall within the statute, thereby justifying an award of treble damages, attorneys fees and costs. The statute provides as follows:
No facility shall discharge, or in any manner discriminate or retaliate against any person who, in good faith, makes such a report, or testifies, or is about to testify in any proceeding about the abuse, mistreatment or neglect of patients or residents in said facility. A facility which discharges, discriminates or retaliates against such a person shall be liable to the person so discharged, discriminated or retaliated against, for treble damages, costs and attorneys fees. [Emphasis supplied.]
DPH has promulgated 105 CMR 155.000, et seq., which is known as the Patient Abuse Prevention and Reporting Regulations. Pursuant to 105 CMR 155.008(C):
No facility or individual may discharge, discriminate in any manner, retaliate in any manner, or otherwise take any adverse action against any person because that person, in good faith: (1) makes or attempts to make, any report of suspected patient abuse, mistreatment or neglect to the Department in good faith; . . .
The phrase “such a report” as used in the statute refers to the report required by the first paragraph of Section 72G of the statute. That section requires that the mandated reporter “shall immediately report such abuse, mistreatment or neglect to the Department by oral communication and by making a written report within 48 hours after such oral communication.” The failure to comply with the foregoing requirements constitutes a crime punishable by a fine of not more than $1,000. G.L.c. Ill, §72G, ¶1. Paragraph 4 of the statute describes in detail the information which must be contained in the written report:
the name and sex of patient or resident; the name and address of the facility in which he resides; the age of the patient or resident, if known to the reporter; the name and address of the reporter and where said reporter may be contacted; and information relative to the nature and extent of the abuse, mistreatment or neglect, and, if known to the reporter, any information relative to prior abuse, mistreatment or neglect of such patient or resident; the circumstances under which the reporter became aware of the abuse, mistreatment or neglect; if known to the reporter, whatever action, if any, was taken to treat or otherwise assist the patient or resident; any other information which the reporter believes might be helpful in establishing the cause of such abuse, mistreatment or neglect and the person or persons responsible therefor; and such other information as may be required by the Department.
In this case, there is no dispute that the plaintiff never complied with any of the written reporting requirements contained in the statute. That is, she never submitted a written report to DPH within 48 hours concerning the numerous instances of patient abuse she allegedly witnessed.[8] Despite having witnessed numerous incidents between July 1990 and February 1993, which she knew she was mandated to report within 48 hours, the plaintiff only sent one written report on February 17, 1993, and there is no evidence that said letter contained the information required by G.L.c. Ill, §72G.
“Although civil rights statutes should be liberally interpreted to accomplish their remedial purposes [citations omitted], the court’s primary function in interpreting any statute is to ascertain the ‘intent of the Legislature, as evidenced by the language used and considering the purposes and remedies intended to be advanced.’ ” Deas v. Dempsey, 403 Mass. 468, 470 (1988); Glasser v. Director of Div. of Employment Sec., 393 Mass. 574, 577 (1984). The intent of the Legislature with regard to G.L.c. 111, §72G is quite clear, namely to encourage persons in the position of the plaintiff to report patient abuse, mistreatment or neglect to DPH immediately by oral communication and to make a written report complying with the detailed requirements of the statute within 48 hours after the oral communication. Failure to comply with the reporting requirements of the statute constitutes a crime. If a mandated reporter, who fulfills his or her obligation under the statute, is fired in reprisal after complying with the statutory mandate, the employee is entitled to recover treble damages, attorneys fees, and costs.
On numerous occasions, during her employment with Donna Kay, the plaintiff believed, in good faith, that she had witnessed or learned of patient abuse, mistreatment, or neglect. Yet, she never complied with any of the written reporting requirements of the statute. Even if the plaintiff made the verbal reports she testified to, there was no evidence that any of those verbal reports were immediately made as required by the statute.[9] Under these circumstances, where the plaintiff has not fulfilled her obligations under the statute, the court rules that the plaintiff is not entitled to the protection against termination afforded by the statute. Any other interpretation would tend to defeat the purpose of the statute by rewarding a mandated employee who had knowingly failed to comply with the *718 reporting requirements of the statute. For this reason, Donna Kay is entitled to the allowance of its motion for judgment notwithstanding the verdict.
MOTION FOR AN AWARD OF ATTORNEYS FEES AND COSTS
As noted in the preceding section of this decision, the court will allow Donna Kay’s motion for judgment notwithstanding the verdict. In order to avoid the need for further findings on the issue of a reasonable award of attorneys fees and costs should an appellate court rule that the motion for judgment notwithstanding the verdict should have been denied, the court makes the following findings and rulings based on the premise that the plaintiff is entitled to a judgment in her favor under G.L.c. Ill, §72G.
The prevailing party in a claim brought pursuant to G.L.c. Ill, §72G is entitled to recover treble damages plus a reasonable award of attorneys fees and costs. Although the assessment of a reasonable award of. attorneys fees and costs is largely discretionary, some of the factors that should be taken into consideration are “the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by attorneys in the area, and the amount of awards in similar cases.” Linthicum v. Archambault, 379 Mass. 381, 388-89 (1979). The plaintiff is represented by attorney Eileen Titus. Ms. Titus was admitted to practice in Massachusetts in 1987 and has practiced in the courts handling employment law matters since that time. She seeks compensation for 123 hours of her time at the rate of $150 per hour. She also seeks an award of costs totaling $1,226.99. The bulk of these costs relate to transcripts of the deposition of the plaintiff, Ms. Kuzdzal and Ms. Vega. Applying the above mentioned factors, to the extent present in this case, the court finds that the requested award of fees and costs is reasonable.
The defendant argues that the fees and costs should be reduced by two-thirds because the plaintiff only prevailed on one of her three claims. All three claims rely on nearly all of the same underlying facts. Thus, no additional effort of any significance was needed with regard to Counts II and III. Although some modest amount of time was undoubtedly spent on these two unsuccessful claims, the total amount of fees requested appears to be very reasonable in relationship to the claim raised by Count I. Although the amount of monetary damages established by the plaintiff was quite modest, the amount of attorneys fees and costs awarded should not be reduced on account of this given the strong legislative policy, set forth in G.L.c. Ill, §72G, of encouraging persons in the position of the plaintiff to pursue claims of retaliatory firing. After considering all the relevant factors, the court finds that in the event an appellate court rules that this court erred in granting Donna Kay’s motion notwithstanding the verdict, an award of attorneys fees on Count I in the amount of $18,450 and costs of $1,226.99 is reasonable. The plaintiff is entitled to have the $350 in damages trebled to $ 1,050, pursuant to G.L.c. Ill, §72G, but interest from the date of filing should only run on the actual damages of $350.
Accordingly, it is hereby ORDERED that:
The defendant, Donna Kay Rest Home, Inc.’s, motion for judgment notwithstanding the verdict is allowed. Judgment shall enter in favor of the defendants.

In some of the exhibits the plaintiff is referred to as Darryl Murphy, the name she used before taking her current surname.

 Since the plaintiff obtained a better paying job after her termination, she had no lost wages claim. Her only damage claim was for the emotional distress her termination caused her.

 General Laws c. Ill, §72Gprovides as follows:
Any . . . nurse’s aide, paid for caring for a patient or resident in a facility, who has reasonable cause to believe that a patient or resident of a facility has been abused, mistreated or neglected shall immediately report such abuse, mistreatment or neglect to the department of Public Health by oral communication and by making a written report within forty-eight hours after such oral communication. Any such person so required to make such oral and written reports who fails to do so shall be punished by a fine of not more than one thousand dollars.

 The Code of Massachusetts Regulations provides that no medication, treatment, or therapeutic diet shall be administered to a patient or resident except upon written or oral order of a physician or physician assistant or nurse practitioner. 105 CMR 150.007(G))2). Medications prescribed for a specific patient or resident shall not be administered to any other patient or resident. 10 CMR 150.008(D)(9).

 There is no dispute that the first time the plaintiff met Ms. Vega, the plaintiff said “who the fuck are you.”

 The complaint does not allege that any such letter was written or sent. The plaintiff did not mention sending the letter in her direct testimony. The testimony concerning the letter came out on cross-examination. The alleged letter was never produced in discovery, nor was it offered into evidence at the time of trial. Although it seems unlikely to the court that any such letter was ever sent, the jury was entitled to credit the plaintiffs testimony on this point. There was no evidence that Donna Kay received or knew of such letter. On March 30, 1993, after the plaintiff was terminated, Donna Kay learned that DPH received a complaint on February 26, 1993, alleging patient abuse at Donna Kay.

 The court agrees with the defendant that it is unlikely that any complaints, whether verbal or written, were made to DPH by the plaintiff before she was terminated on February 17,1993 because the first investigation of any such complaint occurred on March 30, 1993. The jury was not asked to find whether the plaintiff in fact made any verbal or written complaints to DPH because Count I only alleges retaliation and termination based on her threat to report to DPH on February 17, 1993.

 Moreover, it is doubtful that she ever made any of the oral complaints that she testified to prior to her termination because the only DPH investigation of alleged abuse, mistreatment, or neglect took place after the plaintiffs termination.